**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| MOTEL MANAGEMENT SERVICES, | : | NO.  20-cv-01607 |
| INC. d/b/a NESHAMINY INN, THE | : | |
| MARY ETZRODT REAL ESTATE | : | |
| TRUST, NI45, LLC and G.D. and N.Z. | : | |
| | : | |
| | : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS G.D. AND N.Z. TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Defendants, G.D. and N.Z., by and through counsel, hereby Answers Plaintiff's First Amended Complaint as follows:

1.      Denied as stated.  This Paragraph refers to two pleadings filed in the Philadelphia Court of Common Pleas under Case Identification No. 191202631 and 191202642 (hereafter collectively "the Underlying Actions").  These pleadings are written documents that speak for themselves and any characterization of the pleadings are denied.

2.      Denied.  This paragraph includes legal conclusions to which no response is required.

3.      Denied.  The averments in this paragraph refer to written documents that speak for themselves and any characterizations of the pleadings are denied.  Further, the Underlying Actions are not based exclusively of claims brought under the Pennsylvania Human Trafficking Statute as alleged.  The Underlying Actions also include three additional counts (Counts VI,  IX and XII) against Motel Management Services, Inc., d/b/a Neshaminy Inn, The Mary Etzrodt Real Estate Trust and NI45, LLC (hereinafter "Neshaminy Inn Defendants") under Pennsylvania common law for negligence, negligent infliction of emotional distress and negligent hiring,

training and/or supervision for which the Plaintiff is liable based on constructive knowledge of dangerous activity including the sex trafficking of G.D. and N.Z., by failing to provide proper security, by refusing to take adequate precautions to protect G.D. and N.Z., including proper hiring, training and/or supervision of staff, and by permitting an environment where G.D. and N.Z. could be victimized.

4.      Denied.  The averments in this paragraph refer to written documents that speak for themselves and any characterizations of the pleadings are denied.

5.      Denied.  See response to Paragraph 3. Further, the averments in this paragraph refer to written documents that speak for themselves and any characterizations of the pleadings are denied.

6.      Denied.  The averments in this paragraph refer to written documents that speak for themselves and any characterizations of the pleadings are denied.  See also response to Paragraph 3.

7.      Denied.  This paragraph includes legal conclusions to which no response is required. The insurance policies are written documents that speak for themselves. All characterizations of the insurance policies are denied, and Defendants, G.D. and N.Z. deny any purported interpretation of these insurance policies.

8-11.   Denied.  The insurance policies are written documents that speak for themselves. All characterizations of the insurance policies are denied, and Defendants, G.D. and N.Z. deny any purported interpretation of these insurance policies.

12.     Denied.  The averments in this paragraph refer to written documents that speak for themselves and any characterizations of the pleadings are denied.  See response to Paragraph 3.

13.     Denied.  This paragraph includes legal conclusions to which no response is required.

14.     Denied as stated.  The insurance policies are written documents that speak for themselves. All characterizations of the insurance policies are denied, and Defendants, G.D. and N.Z. deny any purported interpretation of these insurance policies.

15-16. Denied.

17.     Defendants, G.D. and N.Z. are without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

18.     Admitted.

19.     Admitted.

20.     Admitted.

21.     Admitted.

22.     Admitted.

23-25.  Denied.  These paragraphs include legal conclusions to which no response is required.

26.     Defendants, G.D. and N.Z. are without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph.

27.     Admitted.

28.     Admitted.

29.     Admitted.

30.     Admitted.

31.     Admitted.

32-33.  Denied.  These paragraphs include legal conclusions to which no response is required.

34-36.  Denied.  These paragraphs include legal conclusions to which no response is required. The remainder of these Paragraphs refer to two pleadings filed in the Philadelphia Court of Common Pleas under Case Identification No. 191202631 and 191202642. These pleadings are

written documents that speak for themselves and any characterization of the pleadings are denied.

37-40.  Admitted.

41-45.  Denied as stated.  The averments in these paragraphs refer to written documents that speak for themselves and any characterizations of the pleadings are denied.

46-59.  Denied.  The averments in these paragraphs refer to written documents that speak for themselves and any characterizations of the pleadings are denied.

60.     Admitted only that G.D. and N.Z assert claims against the Neshaminy Inn Defendants for 1) Civil Liability under the Pennsylvania Human Trafficking Law 18 Pa.C.S.A. § 3051 (2) Negligence (3) Negligent Infliction of Emotional Distress and (4) Negligent Hiring, Training, and/or Supervision.  The remainder of the averments in these paragraphs refer to written documents that speak for themselves and any characterizations of the pleadings are denied.

61-63.  Denied. The averments in these paragraphs refer to written documents that speak for themselves and any characterizations of the pleadings are denied.

64.     Denied. The averments in these paragraphs refer to written documents that speak for themselves and any characterizations of the pleadings are denied.  Further it is denied that Defendants' negligence claims are premised on the Pennsylvania Human Trafficking Statute. The claims are separate and distinct.

65.     Denied.  The averments in these paragraphs refer to written documents that speak for themselves and any characterizations of the pleadings are denied. Further it is denied that Defendants' negligence claims are premised on the Pennsylvania Human Trafficking Statute. The claims are separate and distinct.

66-68.  Denied.  The averments in these paragraphs refer to written documents that speak for themselves and any characterizations of the pleadings are denied.

69-71.  Denied.  The averments in these paragraphs refer to written documents that speak for themselves and any characterizations of the pleadings are denied. Further it is denied that Defendants' negligence claims are premised on the Pennsylvania Human Trafficking Statute. The claims are separate and distinct.

72.     Denied.  These paragraphs include legal conclusions to which no response is required.

73-81.  Denied as stated.  The insurance policies are written documents that speak for themselves.  Defendants, G.D. and N.Z. deny any purported interpretation of these insurance policies.

82-87.  Denied. The averments in these Paragraphs refer to written documents that speak for themselves and any characterizations of the documents are denied. Further, Defendants, G.D. and N.Z. are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in these Paragraphs.

## **COUNT ONE**

88.     Denied.  This in an incorporation Paragraph to which no response is required.  Further, Defendants, G.D. and N.Z. incorporate herein by reference the responses set forth in Paragraphs 1-87.

89.     Denied.  This is a conclusion of law to which no response is required.

90-95.  Denied.  The insurance policies are written documents that speak for themselves. Defendants, G.D. and N.Z. deny any purported interpretation of these insurance policies.

96-98.  Denied as stated.  The averments in this paragraph refer to written documents that speak for themselves and any characterizations of the pleadings are denied. The insurance policies are

written documents that speak for themselves. Defendants, G.D. and N.Z. deny any purported interpretation of these insurance policies.

99.     Denied as stated.  The averments in this paragraph refer to written documents that speak for themselves and any characterizations of the pleadings are denied

100.-104.  Denied. The insurance policies are written documents that speak for themselves. Defendants, G.D. and N.Z. deny any purported interpretation of these insurance policies.

## <u>COUNT TWO</u>

105.     Denied.  This in an incorporation Paragraph to which no response is required.  Further, Defendants, G.D. and N.Z. incorporate herein by reference the responses set forth in Paragraphs 1-104.

106.     Denied.  This is a conclusion of law to which no response is required.

107-108.  Denied.  The insurance policies are written documents that speak for themselves. Defendants, G.D. and N.Z. deny any purported interpretation of these insurance policies.

109.     Denied. The averments in this paragraph refer to written documents that speak for themselves and any characterizations of the pleadings are denied.

110.     Denied. This paragraph is a legal conclusion to which no response is required. Further, the Underlying Actions are not based exclusively of claims brought under the Pennsylvania Human Trafficking Statute as alleged.  The Underlying Actions also include three additional counts (Counts VI,  IX and XII) against the Neshaminy Inn Defendants under Pennsylvania common law for negligence, negligent infliction of emotional distress and negligent hiring, training and/or supervision for which the Plaintiff is liable based on constructive knowledge of dangerous activity including the sex trafficking of G.D. and N.Z., by failing to provide proper security, by refusing to take adequate precautions to protect G.D. and N.Z., including proper

hiring, training and/or supervision of staff, and by permitting an environment where G.D. and N.Z. could be victimized.

111.-113.   Denied.  The averments in these paragraphs refer to written documents that speak for themselves and any characterizations of the pleadings are denied. The insurance policies are written documents that speak for themselves. Defendants, G.D. and N.Z. deny any purported interpretation of these insurance policies. See also response to Paragraph 110.

114.      Denied. The insurance policies are written documents that speak for themselves. Defendants, G.D. and N.Z. deny any purported interpretation of these insurance policies.

115-117.   Denied.  The averments in these paragraphs refer to written documents that speak for themselves and any characterizations of the pleadings are denied. The insurance policies are written documents that speak for themselves. Defendants, G.D. and N.Z. deny any purported interpretation of these insurance policies.

118.      Denied.  This is a legal conclusion to which no response is required.

119.      Denied. The averments in these paragraphs refer to written documents that speak for themselves and any characterizations of the pleadings are denied. The insurance policies are written documents that speak for themselves. Defendants, G.D. and N.Z. deny any purported interpretation of these insurance policies.  See also response to Paragraph 110.

120-125. Denied. The averments in these paragraphs refer to written documents that speak for themselves and any characterizations of the pleadings are denied. The Underlying Actions also include three additional counts (Counts VI,  IX and XII) against the Neshaminy Inn Defendants under Pennsylvania common law for negligence, negligent infliction of emotional distress and negligent hiring, training and/or supervision for which the Plaintiff is liable based on constructive knowledge of dangerous activity including the sex trafficking of G.D. and N.Z., by

failing to provide proper security, by refusing to take adequate precautions to protect G.D. and N.Z., including proper hiring, training and/or supervision of staff, and by permitting an environment where G.D. and N.Z. could be victimized.

126.-128.  Denied. The averments in these paragraphs refer to written documents that speak for themselves and any characterizations of the pleadings are denied. The insurance policies are written documents that speak for themselves. Defendants, G.D. and N.Z. deny any purported interpretation of these insurance policies.  Any remaining averments are denied as legal conclusions.

129.-130.  Denied. This paragraph includes legal conclusions to which no response is required. Further, Pennsylvania has a public policy not to deny a tort victim compensation that is within the reasonable expectation of the insured.

131.    Denied. The insurance policies are written documents that speak for themselves. Defendants, G.D. and N.Z. deny any purported interpretation of these insurance policies.

132.-133.  Denied.  These paragraphs contain legal conclusions to which no response is required.

## COUNT THREE

134.    Denied.  This in an incorporation Paragraph to which no response is required.  Further, Defendants, G.D. and N.Z. incorporate herein by reference the responses set forth in Paragraphs 1-133.

135-137. Denied. These paragraphs include legal conclusions to which no response is required.

## AFFIRMATIVE DEFENSES

1.    Defendants, G.D. and N.Z. incorporate herein by reference in their entity the averments of paragraphs 1 through 137.

### FIRST AFFIRMATIVE DEFENSE

2.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

3.      Plaintiff's position of no coverage disregards and is contrary to G.D. and N.Z.'s claims under Pennsylvania common law for negligence, negligent infliction of emotional distress and negligent hiring, training and/or supervision for which the Plaintiff is liable based on constructive knowledge of dangerous activity including the sex trafficking of G.D. and N.Z., by failing to provide proper security, by refusing to take adequate precautions to protect G.D. and N.Z., including proper hiring, training and/or supervision of staff, and by permitting an environment where G.D. and N.Z. could be victimized.

### FORTH AFFIRMATIVE DEFENSE

4.      It is against public policy to deny a tort victim, including a victim of sex trafficking, compensation for her injuries.

        **WHEREFORE**, Defendants G.D. and N.Z. respectfully requests this Honorable Court dismiss the Complaint for Declaratory Judgment and such other or further relief that the Court deems appropriate.

Date:      8/25/2020                        _____
                                            NADEEM A. BEZAR, ESQUIRE
                                            EMILY B. MARKS, ESQUIRE
                                            Kline & Specter, P.C.
                                            1525 Locust Street
                                            Philadelphia, PA 19102
                                            Phone: (215)772-0524
                                            Fax: (215)792-5524
                                            *Attorneys for Defendants G.D. and N.Z.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 25, 2020, one true and correct copy of the foregoing

**Answer and Affirmative Defenses of Defendants, G.D. and N.Z. to Plaintiff's First**

**Amended Complaint for Declaratory Judgment** will be served via the Court's electronic filing

system upon:

Timothy A. Carroll, Esquire
Anthony L. Miscioscia, Esquire
White and Williams, LLP
1650 Market Street, 18th Floor
Philadelphia, PA 19103
*Attorney for Plaintiff, Nautilus Insurance Company*

Jeffrey R. Lerman, Esquire
Glenn F. Rosenblum, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
1735 Market Street, 19th Floor
Philadelphia, PA 19103
*Attorneys for Defendants, Motel Management Services, Inc. d/b/a Neshaminy Inn, The Mary
Etzrodt Real Estate Trust and NI45, LLC*

**KLINE & SPECTER, P.C.**

Date:    8/25/2020   

NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
*Attorneys for Defendants, G.D. and N.Z.*