**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MOTEL MANAGEMENT SERVICES, INC., | : | CIVIL ACTION |
| d/b/a NESHAMINY INN | : | |
| and | : | |
| MARY ETZRODT TRUST | : | NO. 20-CV-01607 |
| and | : | |
| NI45, LLC | : | |
| and | : | |
| G.D. and | : | |
| N.Z. | : | |
| | : | |
| Defendants. | : | |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
OF DEFENDANTS MOTEL MANAGEMENT SERVICES, INC.,
D/B/A NESHAMINY INN, MARY ETZRODT TRUST AND NI45, LLC
<u>TO PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY JUDGMENT</u>**

Defendants Motel Management Services, Inc. d/b/a Neshaminy Inn, Mary Etzrodt Trust

and NI45, LLC (collectively "defendant insureds") hereby respond to the Amended Complaint

for Declaratory Judgment as follows:

1.      Admitted.

2.      Admitted.

3.      Denied as stated.  Admitted that the underlying plaintiffs allege that they were

"sex trafficked and sexually exploited," by third parties, during the month of January 2015 in

rooms rented at three motels, including the Neshaminy Inn.  Denied that defendant insureds'

potential liability on those underlying claims can be foreclosed at this juncture based on facts as

to which there is neither the coercion of force, or threat of force, in connection with the

underlying plaintiffs' prostitution, which would not be within the common and ordinary meaning of the term "assault," used in paragraph 3 of plaintiff insurer's amended complaint and in its relied upon policy exclusion.

4.     Denied as stated.  Admitted only that paragraph 4 of plaintiff insurer's amended complaint strings together language appearing in multiple, separate paragraphs of underlying plaintiffs' complaints, and which therein refer in some instances to sexual trafficking nationwide in general, and in some instances to underlying plaintiffs' victimization.

By way of further answer, defendant insureds incorporate herein by reference the averments of paragraph 3 above in their entirety.

5.     Denied as stated.  Admitted that while underlying plaintiffs' complaints allege being exploited through the use of drugs, there are undetermined facts as to whether that drug usage occurred as a result of psychological manipulation, such as is common in sexual trafficking, or by the use of force or threat of force, within the common and ordinary meaning of the term "assault and/or battery," used in paragraph 5 of plaintiff insurer's amended complaint and in its relied upon policy exclusion.

By way of further answer, under Pennsylvania law, recently explained by this Commonwealth's Supreme Court, "if any doubt or ambiguity exists" as to the factual averments of a complaint against an insured "it must be resolved in favor of coverage" and, as here, "to the extent that there are undetermined facts that might impact on coverage," the insurer has a duty to defend until the "claim is narrowed to one patently outside the policy coverage, for example, through discovery."  Erie Ins. Exchange v. Moore, 2020 WL 1932642, *5 (Pa. April 22, 2020).

6.     Admitted except that the complaints of the underlying plaintiffs are ambiguous as to whether any, and if so, to what extent, their acts of prostitution, while being sexually

trafficked, were against their wills as a result of the coercion of force, or threat of force, within the common and ordinary meaning of the term "assault and/or battery," used by plaintiff insurer in paragraph 6 of its amended complaint and in its relied upon policy exclusion.

By way of further answer, defendant insureds incorporate herein by reference in their entirety the averments of paragraph 5 above.

7.     Denied.

8.     Denied.

9.     Admitted.

10.     Denied as stated.  Admitted only that paragraph 10 of plaintiff insurer's amended complaint accurately quotes language from its assault and battery exclusion.

11.     Denied.

12.     Denied.  To the contrary, under the complaints in the underlying actions there are "undetermined facts" that might "impact on coverage" as to whether, among other things, any, and if so, to what extent, of the alleged damages sustained by underlying plaintiffs arise out of their acts of prostitution that were coerced by force, or threat of force, within the common and ordinary meaning of the term "assaults and/or batteries," used by plaintiff insurer in paragraph 12 of its amended complaint and in its relied upon policy exclusion.

13.     Denied.  To the contrary, under Pennsylvania law, recently explained by this Commonwealth's Supreme Court (Moore, supra), Nautilus has a duty to defend and/or indemnify their insureds until and unless the claims of the underlying complaints are "narrowed" to claims "patently outside the policy coverage," and, "any doubt or ambiguity" no longer exists as to, among other things, whether, and if so, to what extent, their acts of prostitution were the result of the coercion of force or threat of force, within the common and ordinary meaning of the

5304952v2

term "assaults and/or batteries," used by plaintiff insurer in paragraph 12 of its amended complaint and in its relied upon policy exclusion.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Admitted.

18.     Admitted.

19.     Admitted.

20.     Admitted.

21.     After reasonable investigation, defendant insureds lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 21 as to the residence/citizenship of underlying plaintiff G.D.

22.     After reasonable investigation, defendant insureds lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 22 as to the residence/citizenship of underlying plaintiff N.Z.

23.     Denied as stated.  Admitted only that this court has jurisdiction on the basis of diversity of citizenship if neither co-defendants G.D. nor N.Z. is a citizen of Arizona.

24.     Admitted.

25.     Admitted provided that co-defendants G.D. and N.Z. are not citizens of Arizona.

26.     Admitted.

27.     Admitted.

28.     Admitted.

29.     Admitted.

5304952v2

30-31.  Denied as stated.  Admitted only that defendants G.D. and N.Z. are citizens of the state in which they are domiciled.

32.     Denied as stated.  The declaratory judgment act does not provide subject matter jurisdiction.  Admitted that, assuming diversity of citizenship, this action is proper under the declaratory judgment act.

33.     Denied as stated.  Defendant insureds incorporate herein by reference in their entirety the averments of paragraph 32 above.

34.     Admitted.

35.     Admitted.

36.     Admitted.

37.     Admitted.

38.     Admitted.

39.     Admitted.

40.     Admitted.

41.     Admitted.

42.     Admitted.

43.     Admitted.

44.     Admitted.

45.     Admitted.

46.     Admitted.

47.     Admitted.

48.     Admitted.

49.     Admitted.

50.     Admitted.

51.     Admitted.

52.     Admitted.

53.     Admitted.

54.     Admitted.

55.     Admitted.

56.     Admitted.

57.     Admitted.

58.     Admitted.

59.     Admitted.

60.     Admitted.

61.     Denied as stated.  To the extent, by the quoted language, plaintiff insurer contends that underlying plaintiffs alleged that defendant insureds rented rooms to an individual they knew to be engaged in sex trafficking, denied.  Further denied that, at this juncture, the potential liability of defendant insureds can be foreclosed in the absence of any such actual knowledge either that the rooms were being used by underlying plaintiffs for prostitution, or that those rooms were being rented to an individual engaging in sex trafficking.

62.     Admitted.

63.     Admitted.

64.     Denied as stated.  Admitted only that, in standard pleading format, each of the successive counts of the underlying plaintiffs' complaints incorporate by reference all prior paragraphs.  Denied that such incorporation in standard format makes the elements required for liability under the trafficking statute sought in a single count applicable to the three counts

against defendant insureds not seeking such statutory liability.  By way of further answer, Counts (VI), (IX) and (XII) of the underlying complaints against defendant insureds are not premised in any sense on liability under the elements of the Human Trafficking Statute, and seek liability, which cannot be foreclosed at this juncture, on common law negligence claims based on grounds including defendant insureds' lack of knowledge and/or awareness of sexual trafficking, including by allegedly "failing to detect and respond to commercial sex activity and human sex trafficking at the Neshaminy Inn" and failing to "utilize" and "maintain" "surveillance equipment" (paragraph 158 of the underlying complaints).

65.    Admitted.

66.    Admitted.

67.    Admitted.

68.    Admitted.

69.    Admitted.

70.    Admitted.

71.    Admitted.

72.    Admitted.

73.    Admitted.

74.    Admitted.

75.    Admitted.

76.    Admitted.

77.    Admitted.

78.    Admitted.

79.    Admitted.

80.     Admitted.

81.     Admitted.

82.     Admitted.

83.     Admitted.

84.     Denied as stated.  Admitted except that the Nautilus Policies do provide such coverage.

85.     Admitted.

86.     Admitted.

87.     Admitted.

## COUNT I

88.     Defendant insureds incorporate herein by reference the averments of paragraphs 1 through 87 above in their entirety.

89.     Admitted.

90.     Denied as stated.  To the contrary, Nautilus has coverage.  By way of further answer, the alleged earlier Answer's admission in paragraph 88 was administrative error, as is made unambiguously clear by all other paragraphs of that earlier Answer.

91.     Admitted.

92.     Admitted.

93.     Admitted.

94.     Admitted.

95.     Admitted.

96.     Admitted.

97.     Admitted.

98.     Admitted.

-8-

99.    Admitted.

100-101.    Denied as stated.  Admitted only that as the underlying plaintiffs' allegations currently relate solely to failure to prevent sexual trafficking occurring during the month of January 2015, absent contention or evidence to the contrary, the only applicable Nautilus policy would be No. NN433648, with a policy period of September 1, 2014 to September 1, 2015.

102.    Denied.

103.    Denied.

104.    The averments of paragraph 104 of plaintiff insurer's amended complaint set forth a conclusion of law to which no response is required.  To the extent that a response may be deemed required, denied.

## COUNT II

105.    Defendant insureds incorporate herein by reference in their entirety the averments of paragraphs 1-104 above.

106.    Admitted.

107.    Denied.

108.    Admitted.

109.    Denied as stated.  By way of further answer, defendant insureds incorporate herein by reference in their entirety the averments of paragraph 61 above.

110-112.    Denied.  To the contrary, the averments of the underlying complaints specifically premise all counts alternatively on "actual knowledge," or "constructive knowledge" or "general awareness of the signs of human trafficking" and as, among other things, at this juncture liability cannot be foreclosed under the Human Trafficking Statute in the absence of

5304952v2

actual knowledge that the underlying plaintiffs were being sex trafficked, the claims of Count II

potentially come within the language of the policy as to "accident" and "occurrence."

113.    Denied.  To the contrary, Counts VI, IX and XII of the underlying complaints do

not require actual knowledge of the rental of rooms to an individual known to be engaging in sex

trafficking, notwithstanding the standard format incorporation in each count of all earlier

paragraphs, and those claims come within the coverage of the policy as an occurrence and

accident.

114.    Admitted.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.  Neither the G.D. nor N.Z. complaints are free from doubt or ambiguity

as to whether their alleged sexual trafficking prostitution was the result of coercion of force or

threat of force within the common and ordinary meaning of the term "assault and battery" used

in the Nautilus exclusion.

119.    Denied.  By way of further answer, defendant insureds incorporate herein by

reference in their entirety the averments of paragraph 118 above.

120.    Denied as stated.  By way of further answer, defendant insureds incorporate

herein by reference in their entirety the averments of paragraph 118 above.

121-122.    Denied as stated.  By way of further answer, neither the quoted averments

from the underlying complaints, nor other averments of G.D. and/or N.Z., are free from doubt or

ambiguity, or from "undetermined facts that might impact on coverage," as to whether the

underlying plaintiffs were forced to engage in prostitution against their will through either force

or the threat of force, or through the exploitation of drug usage, and, if so exploited by drug use, whether they were forced to take drugs by force or threat of force, or induced to do so by psychological manipulation, such as professions of love and affection and offers of protection, or by provision of drugs desired by underlying plaintiffs as an inducement to engage in prostitution, or to obtain their trafficker's continued professed affection or protection.

123.    Admitted.

124.    Admitted.

125.    Denied as stated.  By way of further answer, defendant insureds incorporate herein the averments of paragraphs 121-122 above in their entirety.

126.    Denied.

127.    Denied.

128.    Denied that the insurance under the Nautilus Policies does not apply to the damages sought in the underlying actions.  Otherwise, admitted.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

## COUNT III

134.    Defendant insureds incorporate herein by reference in their entirety the averments of paragraphs 1 through 133 above.

135.    Denied.

136.    Denied.

137.    Denied.

-11-

5304952v2

## AFFIRMATIVE DEFENSES

1.      Defendant insureds incorporate herein by reference in their entirety the averments of paragraphs 1 through 137 above.

### FIRST AFFIRMATIVE DEFENSE

2.      Plaintiff insurer's amended complaint fails to set forth a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

3.      Plaintiff insurer's position of no coverage violates the principle of law that the determination of an insurer's duty to defend must be made on the basis of the factual contentions set forth within the four corners of the operative underlying liability complaint against its insured.

4.      Plaintiff insurer's position of no coverage violates the principle of law that the underlying liability complaint's allegations against its insureds must be construed liberally in favor of coverage, and if "any doubt or ambiguity exists," "it must be resolved in favor of coverage."

5.      Plaintiff insurer's position of no coverage violates the principle of law that a duty to defend exists and continues until and unless the factual allegations of a multiple count complaint against its insured can be "narrowed to one patently outside the policy coverage."

6.      Plaintiff insurer's position of no coverage conflicts with the allegations of the multiple counts of the underlying complaints against its insureds as to which the possibility of liability cannot be foreclosed based solely on negligence and a lack of awareness of sexual trafficking, such as "failing to detect and respond to" sexual trafficking because of inadequate "security" and failing to "utilize" and "maintain" "surveillance equipment."

## THIRD AFFIRMATIVE DEFENSE

7.      Plaintiff insurer's position of no coverage conflicts with the common and ordinary meaning of the term "assault" used in its policy exclusion, which this Court's earlier decision in the E.B. case explained is "an intentional attempt by force to do an injury to the person of another" or an attempt "by physical menace to put another in fear of imminent serious bodily injury."

8.      Plaintiff insurer's position of no coverage conflicts with the averments of G.D. and N.Z. of injury by sexual trafficking arising from the alleged negligence of defendant insureds.

9.      Plaintiff insurer's position of no coverage conflicts with the legal principle that if a policy provision is subject to more than one reasonable interpretation, it is ambiguous and must be construed in favor of coverage.

10.      The best, and perhaps only reasonable, interpretation of the involved assault and battery exclusion is that it does not apply to illegal sexual activity by third parties that are not made involuntary by the compulsion of "force to do an injury" or "physical menace to put another in fear of imminent serious bodily injury," within the common and ordinary meaning of the language of the exclusion.

11.      Plaintiff insurer's position of no coverage conflicts with the reasonable expectation of insureds, as here, operating hotels and motels, that while there would be no coverage for claims of negligence in connection with acts of violence by third parties such as fights, muggings, and shootings, there would be coverage for claims arising from illegal sexual activity by third parties, unaccompanied by the compulsion of force or threat of force within the common and ordinary meaning of the term "assault," used in the involved policy exclusion.

-13-

## FOURTH AFFIRMATIVE DEFENSE

12.      Pennsylvania public policy favors providing insurance coverage within the reasonable expectation of insureds for negligence in connection with the alleged failure to prevent criminal conduct by third parties regardless of the reprehensibility of the acts of such third parties.

13.      Depriving victims of sexual trafficking such as G.D. and N.Z. of compensation from insurance proceeds, which, as here, is within the reasonable expectation of insureds of coverage, is contrary to public policy.

WHEREFORE, Motel Management Services, Inc., d/b/a Neshaminy Inn, Mary Etzrodt Trust and NI45, LLC respectfully request that This Court dismiss the Amended Complaint for Declaratory Judgment and/or enter a declaratory judgment that Nautilus Insurance Company is obligated to provide a defense and indemnity to the defendant insureds with respect to the claims made in the underlying actions, plus costs and such other relief as may be appropriate.

## COUNTERCLAIM

1.      Defendant insureds are the counterclaim plaintiffs.

2.      The Counterclaim defendant is plaintiff insurer.

3.      Counterclaim plaintiffs incorporate herein by reference the averments of the answer and affirmative defenses above in their entirety.

4.      The terms of the Nautilus Policies apply to the claims of the complaints of G.D. and N.Z. referenced above and require counterclaim defendant insurer to provide a defense and indemnification, to the policy limits, for the allegations set forth in the amended complaints of G.D. and N.Z.

WHEREFORE, Motel Management Services, Inc., d/b/a Neshaminy Inn, Mary Etzrodt Trust and NI45, LLC respectfully request that This Court dismiss the Amended Complaint for

5304952v2

Declaratory Judgment and/or enter a declaratory judgment that Nautilus Insurance Company is obligated to provide a defense and indemnity to the defendant insureds with respect to the claims made in the underlying actions, plus costs and such other relief as may be appropriate.

Date: _August 25, 2020_____

/s/ Jeffrey R. Lerman_____
Jeffrey R. Lerman, Esquire
Glenn F. Rosenblum, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
1735 Market Street, 19th Floor
Philadelphia, PA 19103
(215) 772-1500 (telephone)
(215) 772-7620 (facsimile)
*Attorneys for Defendants*
*Motel Management Services, Inc. d/b/a Neshaminy Inn, Mary Etzrodt Trust and NI45, LLC*

-15-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 25, 2020, one true and correct copy of the foregoing

**Answer, Affirmative Defenses and Counterclaim of Defendants Motel Management**

**Services, Inc., D/B/A Neshaminy Inn, Mary Etzrodt Trust and NI45, LLC To Plaintiff's**

**Amended Complaint** will be served via the court's electronic filing system upon:

Anthony L. Miscioscia, Esquire
Timothy A. Carroll, Esquire
White & Williams LLP
1650 Market Street, Suite 1800
Philadelphia, PA 19103

Nadeem A. Bezar, Esquire
Emily Marks, Esquire
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

Date: August 25, 2020                    */s/ Glenn F. Rosenblum*
                                         Glenn F. Rosenblum