# Exhibit A

**KLINE & SPECTER, P.C.**
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Attorneys for Plaintiff*

Filed and Attested by the
Office of Judicial Records
31 MAR 2020 04:29 pm
M. RUSSO

| | | |
|---|---|---|
| G.D. | : | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | : | COURT OF COMMON PLEAS |
| 1525 Locust Street | : | |
| Philadelphia, PA  19102 | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | DECEMBER TERM, 2019 |
| | : | NO.: 02631 |
| V. | : | |
| | : | |
| KNIGHTS INN OF TREVOSE | : | JURY TRIAL DEMANDED |
| 2707 Lincoln Highway | : | |
| Trevose, PA 19047 | : | |
| | : | |
| | : | |
| and | : | |
| | : | |
| JULESBURG (USA) INC. | : | |
| *T/A KNIGHTS INN* | : | |
| 2707 Lincoln Highway | : | |
| Trevose, PA 19047 | : | |
| | : | |
| | : | |
| and | : | |
| | : | |
| E&R INVESTMENT, INC. | : | |
| 2707 Lincoln Highway | : | |
| Trevose, PA 19047 | : | |
| | : | |
| | : | |
| and | : | |
| | : | |
| KNIGHTS INN FRANCHISE SYSTEMS, INC. | : | |
| 1 Sylvan Way | : | |
| Parsippany, NJ 07054 | : | |
| | : | |
| | : | |
| and | : | |
| | : | |
| WYNDHAM WORLDWIDE CORPORATION | : | |
| 22 Sylvan Way | : | |
| Parsippany, NJ 07054 | : | |
| | : | |
| | : | |
| and | : | |
| | : | |

WYNDHAM HOTEL GROUP, LLC            :
22 Sylvan Way                      :
Parsippany, NJ 07054               :
                                   :
        and                        :
                                   :
WYNDHAM HOTELS AND RESORTS, LLC     :
22 Sylvan Way                      :
Parsippany, NJ 07054               :
                                   :
        and                        :
                                   :
WYNDHAM HOTEL MANAGEMENT, INC.      :
22 Sylvan Way                      :
Parsippany, NJ 07054               :
                                   :
        and                        :
                                   :
WYNDHAM DESTINATIONS, INC.          :
6277 Sea Harbor Drive              :
Orlando, Florida 32821             :
                                   :
        and                        :
                                   :
WYNDHAM HOTELS & RESORTS, INC.      :
22 Sylvan Way                      :
Parsippany, NJ 07054               :
                                   :
        and                        :
                                   :
JOHN DOE MANAGEMENT COMPANY         :
*(NAME BEING FICTIOUS, REPRESENTING A* :
*FICTITIOUS/ UNKNOWN DEFENDANT)*     :
                                   :
        and                        :
                                   :
JOHN DOE SECURITY COMPANY #1        :
*(NAME BEING FICTIOUS, REPRESENTING A* :
*FICTITIOUS/ UNKNOWN DEFENDANT)*     :
                                   :
        and                        :
                                   :
MOTEL MANAGEMENT SERVICES, INC.,    :
*INDIVIDUALLY D/B/A NESHAMINY INN*   :
2345 Old Lincoln Highway           :
Trevose, PA 19053                  :
                                   :
        and                        :

2

Case ID: 191202631

THE MARY ETZRODT REAL ESTATE TRUST  :
2345 Old Lincoln Highway                         :
Trevose, PA 19053                                    :
                                                             :
          and                                            :
                                                             :
NI45, LLC                                               :
2345 Old Lincoln Highway                         :
Trevose, PA 19053                                    :
                                                             :
          and                                            :
                                                             :
RED ROOF INN PHILADELPHIA-TREVOSE  :
3100 Lincoln Highway                               :
Feasterville-Trevose, PA 19053                   :
                                                             :
          and                                            :
                                                             :
BW RRI II LLC                                         :
3100 Lincoln Highway                               :
Feasterville-Trevose, PA 19053                   :
                                                             :
          and                                            :
                                                             :
WRRH INVESTMENTS LP                        :
5847 San Felipe Street Suite 4600               :
Houston, TX 77057                                   :
                                                             :
          and                                            :
                                                             :
WESTMONT HOSPITALITY MANAGEMENT  :
LLC, *D/B/A WESTMONT HOSPITALITY*  :
*GROUP INC., A/K/A WESTMONT*          :
*DEVELOPMENT GROUP*                      :
5847 San Felipe Street Suite 4600               :
Houston, TX 77057                                   :
                                                             :
          and                                            :
                                                             :
RED ROOF INNS, INC.                             :
7815 Walton Parkway                                :
New Albany, OH 43054                             :
                                                             :
          and                                            :
                                                             :

3

Case ID: 191202631

RED ROOF FRANCHISING, LLC      :
605 South Front Street      :
Columbus, Ohio 43215      :
     :
       and      :
     :
JOHN DOE SECURITY COMPANY #2      :
*(NAME BEING FICTIOUS, REPRESENTING A*      :
*FICTITIOUS/ UNKNOWN DEFENDANT)*      :
     :
       and      :
     :
PAUL BRANHAM      :
2012 Morris Street      :
Philadelphia, PA 19145      :
       Defendants      :

### NOTICE TO DEFEND

| **NOTICE** | **AVISO** |
|---|---|
| You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you. | Le han demandado en corte.  Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted.  Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante.  Usted puede perder dinero o propiedad u otros derechos importantes para usted._ |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL.  ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. |
| THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. | |
| IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. | SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO. |
| **LAWYERS REFERENCE SERVICE**<br>**One Reading Center**<br>**Philadelphia, PA  19107**<br>**(215) 238-6333**<br>**TTY(215) 451-6197** | **SERVICIO de REFERENCIA LEGAL**<br>**Uno Reading Centro**<br>**Filadelfia, PA  19107**<br>**Telefono:  (215) 238-6333**<br>**TTY(215) 451-6197** |

4

**KLINE & SPECTER, P.C.**                                           *Attorneys for Plaintiff*
BY:   THOMAS R. KLINE, ESQUIRE/28895
        NADEEM A. BEZAR, ESQUIRE/63577
        EMILY B. MARKS, ESQUIRE/204405
        KYLE B. NOCHO, ESQUIRE/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

---

| | | |
|---|---|---|
| G.D. | : | PHILADELPHIA COUNTY |
| c/o Kline & Specter, P.C. | : | COURT OF COMMON PLEAS |
| 1525 Locust Street | : | |
| Philadelphia, PA  19102 | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | DECEMBER TERM, 2019 |
| | : | NO.: 02631 |
| V. | : | |
| | : | |
| KNIGHTS INN OF TREVOSE | : | JURY TRIAL DEMANDED |
| 2707 Lincoln Highway | : | |
| Trevose, PA 19047 | : | |
| | : | |
| and | : | |
| | : | |
| JULESBURG (USA) INC. | : | |
| *T/A KNIGHTS INN* | : | |
| 2707 Lincoln Highway | : | |
| Trevose, PA 19047 | : | |
| | : | |
| and | : | |
| | : | |
| E&R INVESTMENT, INC. | : | |
| 2707 Lincoln Highway | : | |
| Trevose, PA 19047 | : | |
| | : | |
| and | : | |
| | : | |
| KNIGHTS INN FRANCHISE SYSTEMS, INC. | : | |
| 1 Sylvan Way | : | |
| Parsippany, NJ 07054 | : | |
| | : | |
| and | : | |
| | : | |
| WYNDHAM WORLDWIDE CORPORATION | : | |
| 22 Sylvan Way | : | |
| Parsippany, NJ 07054 | : | |
| | : | |
| and | : | |

WYNDHAM HOTEL GROUP, LLC                   :
22 Sylvan Way                              :
Parsippany, NJ 07054                       :
                                           :
        and                                :
                                           :
WYNDHAM HOTELS AND RESORTS, LLC            :
22 Sylvan Way                              :
Parsippany, NJ 07054                       :
                                           :
        and                                :
                                           :
WYNDHAM HOTEL MANAGEMENT, INC.             :
22 Sylvan Way                              :
Parsippany, NJ 07054                       :
                                           :
        and                                :
                                           :
WYNDHAM DESTINATIONS, INC.                 :
6277 Sea Harbor Drive                      :
Orlando, Florida 32821                     :
                                           :
        and                                :
                                           :
WYNDHAM HOTELS & RESORTS, INC.             :
22 Sylvan Way                              :
Parsippany, NJ 07054                       :
                                           :
        and                                :
                                           :
JOHN DOE MANAGEMENT COMPANY                :
*(NAME BEING FICTIOUS, REPRESENTING A*     :
*FICTITIOUS/ UNKNOWN DEFENDANT)*           :
                                           :
        and                                :
                                           :
JOHN DOE SECURITY COMPANY #1               :
*(NAME BEING FICTIOUS, REPRESENTING A*     :
*FICTITIOUS/ UNKNOWN DEFENDANT)*           :
                                           :
        and                                :
                                           :
MOTEL MANAGEMENT SERVICES, INC.,           :
*INDIVIDUALLY D/B/A NESHAMINY INN*         :
2345 Old Lincoln Highway                   :
Trevose, PA 19053                          :

2

Case ID: 191202631

|  | : |
| and | : |
|  | : |
| THE MARY ETZRODT REAL ESTATE TRUST | : |
| 2345 Old Lincoln Highway | : |
| Trevose, PA 19053 | : |
|  | : |
| and | : |
|  | : |
| NI45, LLC | : |
| 2345 Old Lincoln Highway | : |
| Trevose, PA 19053 | : |
|  | : |
| and | : |
|  | : |
| RED ROOF INN PHILADELPHIA-TREVOSE | : |
| 3100 Lincoln Highway | : |
| Feasterville-Trevose, PA 19053 | : |
|  | : |
| and | : |
|  | : |
| BW RRI II LLC | : |
| 3100 Lincoln Highway | : |
| Feasterville-Trevose, PA 19053 | : |
|  | : |
| and | : |
|  | : |
| WRRH INVESTMENTS LP | : |
| 5847 San Felipe Street Suite 4600 | : |
| Houston, TX 77057 | : |
|  | : |
| and | : |
|  | : |
| WESTMONT HOSPITALITY MANAGEMENT | : |
| LLC, *D/B/A WESTMONT HOSPITALITY* | : |
| *GROUP INC., A/K/A WESTMONT* | : |
| *DEVELOPMENT GROUP* | : |
| 5847 San Felipe Street Suite 4600 | : |
| Houston, TX 77057 | : |
|  | : |
| and | : |
|  | : |
| RED ROOF INNS, INC. | : |
| 7815 Walton Parkway | : |
| New Albany, OH 43054 | : |
|  | : |
| and | : |

3

Case ID: 191202631

RED ROOF FRANCHISING, LLC                    :
605 South Front Street                       :
Columbus, Ohio 43215                         :
                                             :
        and                                  :
                                             :
JOHN DOE SECURITY COMPANY #2                 :
*(NAME BEING FICTIOUS, REPRESENTING A*       :
*FICTITIOUS/ UNKNOWN DEFENDANT)*             :
                                             :
        and                                  :
                                             :
PAUL BRANHAM                                 :
2012 Morris Street                           :
Philadelphia, PA 19145                       :
                                             :
                        Defendants           :

## PLAINTIFF'S SECOND AMENDED COMPLAINT

## PRELIMINARY STATEMENT

1.      For years, sex trafficking ventures have openly operated in and out of hotels throughout this country while the hotels and hospitality industry continue to neglect the criminal misconduct to continue earning a profit.

2.      The hospitality industry plays a critical role in the sex trade.  The phrase "no-tell motel" has been used throughout the hospitality industry to describe hotels and motels that have profited from their reputations as havens of privacy and anonymity, making them ideal venues for crime and sex trafficking.

3.      According to National Human Trafficking Hotline statistics, hotels are the top reported venue where sex trafficking acts occur as traffickers and buyers alike frequently use hotel rooms to exploit their victims.

4.      Traffickers use hotels as the hub of their operation to harbor and sell their victims to buyers of sex of come to the hotel to solely purchase sex.  This is referred to as an "in call."

4

5.      Hotels are also the venue of choice for buyers seeking an "out call" wherein the buyer rents a hotel room and the trafficker delivers the victim to the buyer's room to complete the sordid transaction.

6.      Due to the overall complacency of the hospitality industry on addressing the issue, hotels are the venue of choice for sex-trafficking as traffickers and buyers capitalize on the hotel industry's general refusal to adopt and enforce company-wide anti-trafficking policies, from the corporate to the property level, train staff on what to look for and how to response, and/or establish safe and secure reporting mechanisms for those at the point of sale.

7.      Every day, thousands of hotel employees witness manifestations of sex trafficking and commercial exploitation, and therefore, the hospitality industry has the greatest ability to prevent, identify and thwart sexual exploitation where it is most likely to occur.

8.      The hospitality industry, and hotels specifically, owe a duty to provide a safe of the premise for their guests and must protect them against reasonably anticipated conduct.

**THE PARTIES**

9.      Plaintiff, G.D. is one of the thousands of victims of human trafficking being victimized in hotels / motels across the United States.

10.      In January 2015, Plaintiff, a minor, was trafficked for commercial sex at the Knights Inn located at 2707 Lincoln Highway, Trevose, PA; the Red Roof Inn located at 3100 Lincoln Highway, Feasterville-Trevose, PA and the Neshaminy Inn located at 2345 Old Lincoln Highway, Trevose, PA.  Plaintiff can be contacted through her counsel, Nadeem A. Bezar, Esquire, Emily B. Marks, Esquire, and Kyle B. Nocho, Esquire of Kline & Specter, P.C., 1525 Locust Street, Philadelphia, Pennsylvania 19102.

11.       Plaintiff's name and address are not contained in this Complaint to protect the privacy and identity of Plaintiff.

5

12.     Defendant Knights Inn is a Pennsylvania corporation with a principal place of business at 2707 Lincoln Highway, Feasterville-Trevose, PA 19053. At all material times hereto, Defendant Knights Inn owned, operated or managed the Knights Inn located at 2707 Lincoln Highway, Feasterville-Trevose, PA 19053 [hereinafter "Knights Inn"] and regularly conducted business in Philadelphia County.

13.     Defendant Julesburg USA, Inc. T/A Knights Inn is a Pennsylvania corporation with a principal place of business at 2707 Lincoln Highway, Feasterville-Trevose, PA 19053. At all material times hereto, Defendant Julesburg USA, Inc., owned, operated or managed the Knights Inn and regularly conducted business in Philadelphia County.

14.     Defendant Knights Inn Franchise Systems Inc. is a Delaware corporation with a principal place of business at 1 Sylvan Way, Parsippany, NJ 07054. Defendant Knights Franchise Systems Inc. may be served with service of process by serving its registered agent Corporate Creations Network, Inc., at 12 Christopher Way #200, Eatontown, NJ 07724. At all material times hereto, Defendant Knights Franchise Systems Inc. owned, operated or managed the Knights Inn and regularly conducted business in Philadelphia County.

15.     Defendant E. & R. Investment Inc. is a Pennsylvania corporation with a principal place of business at 2707 Lincoln Highway, Feasterville-Trevose, PA 19053. At all material times hereto, Defendant E. & R. Investment Inc. owned, operated or managed the Knights Inn and regularly conducted business in Philadelphia County.

16.     Defendant Wyndham Worldwide Corporation is a corporation duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054.  At all material times hereto, Defendant Wyndham Worldwide Corporation owned, operated or managed the Knights Inn and regularly conducted business in Philadelphia County.

6

Case ID: 191202631

17.     Defendant Wyndham Hotel Group, LLC is a limited liability company duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant Wyndham Hotel Group, LLC owned, operated or managed the Knights Inn and regularly conducted business in Philadelphia County.

18.     Defendant Wyndham Hotels and Resorts, LLC is a limited liability company duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant Wyndham Hotels and Resorts, LLC owned, operated or managed the Knights Inn and regularly conducted business in Philadelphia County.

19.     Defendant Wyndham Hotel Management, Inc. is a limited liability company duly organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant Wyndham Hotel Management, Inc. owned, operated or managed the Knights Inn.

20.     Defendant Wyndham Destinations, Inc. is a corporation organized under the laws of the state of Delaware with a principal place of business at 6277 Sea Harbor Drive, Orlando, FL 32887.  At all material times hereto, Wyndham Destinations, Inc. owned, operated or managed the Knights Inn and regularly conducted business in Philadelphia County.

21.     Defendant Wyndham Hotels & Resorts, Inc. is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business located at 22 Sylvan Way, Parsippany, NJ 07054. At all material times hereto, Defendant Wyndham Hotels & Resorts, Inc, owned, operated or managed the Knights Inn and regularly conducted business in Philadelphia County.

Case ID: 191202631

22.     Defendant John Doe Management Company is an unknown corporate entity who is named as a Defendant in this Complaint pursuant to Pennsylvania Rule of Civil Procedure 2005, after conducting a reasonable search with due diligence. Based on information and belief, at all materials times hereto, Defendant John Doe Management Company managed the Knights Inn and regularly conducted business in Philadelphia County.

23.     Defendant John Doe Security Company #1 is an unknown corporate entity who is named as a Defendant in this Complaint pursuant to Pennsylvania Rule of Civil Procedure 2005, after conducting a reasonable search with due diligence. Based on information and belief, at all materials times hereto, Defendant John Doe Security Company #1 provided security services at the Knights Inn and regularly conducted business in Philadelphia County.

24.     Defendants Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, Wyndham Hotel Management, Inc., Wyndham Destinations, Inc., [hereinafter Wyndham Defendants] made up a corporate structure that consisted of parent entities, parent corporations, franchisors, franchises, associated or affiliated corporations, member corporations and/or subsidiary corporations.

25.     The Knights Inn was a Wyndham branded property at the time Plaintiff G.D. at the time Plaintiff was trafficked.

26.     The Wyndham Defendants and Defendant Knights Inn Franchise Systems, Inc. are a single and joint employer that jointly operated at the Knights Inn where Plaintiff was trafficked for sex. The Wyndham Defendants and Defendants Knights inn Franchising System's Inc. each share common policies and practices herein.

27.     The Wyndham Defendants and Defendant Knights Inn Franchise Systems, Inc. entered into a contractual agreement with Defendants Knights Inn, Defendant Julesburg USA, Inc. T/A Knights Inn and/or E&R Investments [hereinafter Knights Inn Defendants] concerning

Case ID: 191202631

operation of the Knights Inn where Plaintiff was sex trafficked.

28.     They Wyndham Defendants and Defendants Knights Inn Franchise Systems, Inc.
controlled the training and human trafficking or other related policies, including decisions on
implementation and execution of policy for its branded properties including the Knights Inn
where Plaintiff was trafficked for sex.

29.     As a direct and proximate result of the Wyndham Defendants, Defendant Knights
Inn Franchise Systems, Inc. and the Knights Inn Defendants consistent refusals to prevent human
trafficking on their properties, Plaintiff G.D. was sex trafficked, sexually exploited and
victimized repeatedly at the Knights Inn.

30.     The Wyndham Defendants, Defendant Knights Inn Franchise Systems, Inc. and
Knights Inn Defendants were acting individually, and by and through their actual or apparent
agents, servants and/or employees, including but not limited to front desk staff, back room staff,
housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges
and security guards, to provide hospitality services at the Knights Inn.  Accordingly, the Knights
Inn Defendants are liable for the acts and/or omissions of their agents, servants and/or employees
under the theories of agency, master servant, respondeat superior and/or right of control.

31.     Defendant Motel Management Services Inc., individually and doing business as
the Neshaminy Inn a/k/a Neshaminy Motor Inn [hereinafter referred to as "Neshaminy Inn"], is a
corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania.
At all material times hereto, Defendant Neshaminy Inn operated and/or managed the Neshaminy
Inn located at 2345 Old Lincoln Highway, Trevose, Pennsylvania 19053 [hereinafter referred to
as the Neshaminy Inn Motel].

32.     Defendant The Mary Etzrodt Real Estate Trust is a trust duly organized and
existing under the laws of the Commonwealth of Pennsylvania.  At all material times hereto, The

9

Case ID: 191202631

Mary Etzrodt Real Estate Trust owned the Neshaminy Inn Motel.

33. Defendant NI45 LLC is a limited liability company duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto, NI45 LLC owned the Neshaminy Inn Motel.

34. Defendants Motel Management Services, Inc., individually and doing business as the Neshaminy Inn, The Mary Etzrodt Real Estate Trust, and NI45, LLC [hereinafter the "Neshaminy Inn Defendants"], made up a corporate structure that consisted of parent entities, parent corporations, franchisors, franchises, associated or affiliated corporations, member corporations and/or subsidiary corporations.

35. The Neshaminy Inn Defendants own, operate, manage and/or regularly conduct business in Philadelphia County through the Neshaminy Inn Motel location. The Neshaminy Inn Motel affirmatively listed one if its service areas as Philadelphia County on its website.

36. As a direct and proximate result of the Neshaminy Inn Defendants refusals to prevent human trafficking on their property, Plaintiff G.D. was sex trafficked, sexually exploited and victimized repeatedly at the Neshaminy Inn Motel.

37. The Neshaminy Inn Defendants were acting individually, and by and through their actual or apparent agents, servants and/or employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards, to provide hospitality services at the Neshaminy Inn. Accordingly, the Neshaminy Inn Defendants are liable for the acts and/or omissions of their agents, servants and/or employees under the theories of agency, master servant, respondeat superior and/or right of control.

38. Defendant Red Roof Inn Philadelphia-Trevose is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania. At all material times hereto,

Case ID: 191202631

Defendant Red Roof Inn Philadelphia-Trevose operated and/or managed the Red Roof Inn located at 3100 Lincoln Highway, Feasterville-Trevose, PA 19114 [hereinafter the "Red Roof Inn"].

39.     Defendant BW RRI II LLC is a limited liability company duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business at 3100 Lincoln Highway, Feasterville-Trevose, PA 19114. At all material times hereto, Defendant BW RRI II LLC., owned, operated or managed the Red Roof Inn and regularly conducted business in Philadelphia County.

40.     Defendant WRRH Investments LP, is a Delaware limited partnership with a registered agent at Capitol Services, Inc., 1675 S State St. Suite B, Dover DE, 19901. At all material times hereto, Defendant WRRH Investments LP, owned, operated or managed the Red Roof Inn and regularly conducted business in Philadelphia County.

41.     Defendant Westmont Hospitality Management LLC, d/b/a Westmont Hospitality Group, Inc., also known as Westmont Development Group, ["Westmont"] is a Delaware limited liability corporation with a principal place of business at 5847 San Felipe St Ste 4600 Houston, TX 77057. Westmont can be served with service of process by serving its registered agent Capitol Corporate Services, Inc., at 36 South 18th Ave Ste D, Brighton, CO 80601. At all material times hereto, Defendant Westmont owned, operated or managed the Red Roof Inn and regularly conducted business in Philadelphia County.

42.     Defendant Red Roof Inns, Inc. ["RRI"] is a Delaware corporation with its principle place of business in New Albany, Ohio. RRI may be served with service of process by serving its registered agent Corporation Service Company at 40 Technology Parkway South, Suite 300, Norcross, Georgia, 30092. At all material times hereto, Defendant RRI owned, operated or managed the Red Roof Inn and regularly conducted business in Philadelphia County.

Case ID: 191202631

43.     Defendant Red Roof Franchising, LLC ["RRF"] is a Delaware corporation with its principle place of business at 605 South Front Street, Columbus, Ohio 43215. At all material times hereto, Defendant RRF owned, operated or managed the Red Roof Inn and regularly conducted business in Philadelphia County.

44.     Defendant John Doe Security Company #2 is an unknown corporate entity who is named as a Defendant in this Complaint pursuant to Pennsylvania Rule of Civil Procedure 2005, after conducting a reasonable search with due diligence. Based on information and belief, at all materials times hereto, Defendant John Doe Security Company #2  provided security services at the Red Roof Inn and regularly conducted business in Philadelphia County

45.     Defendants Red Roof Inn Philadelphia-Trevose, BW RRI II LLC, WRRH Investments LP, Westmont Hospitality Management LLC, d/b/a Westmont Hospitality Group, Inc., also known as Westmont Development Group, Red Roof Inns, Inc. ["RRI"], Red Roof Franchising, LLC ["RRF"] and John Doe Security Company #2 [hereinafter the "Red Roof Inn Defendants"], made up a corporate structure that consisted of parent entities, parent corporations, franchisors, franchises, associated or affiliated corporations, member corporations and/or subsidiary corporations.

46.     The Red Roof Inn Defendants regularly solicit business in Philadelphia County by advertising and marketing themselves as the "Red Roof Inn Philadelphia-Trevose." Additionally, the Westmont Defendants regularly operate/manage, regularly conduct and solicit business in Philadelphia County through a variety of properties including the "HomeTown Studios Philadelphia."

47.     As a direct and proximate result of the Red Roof Inn Defendants refusals to prevent human trafficking on their property, Plaintiff G.D. was sex trafficked, sexually exploited and victimized repeatedly at the Red Roof Inn.

Case ID: 191202631

48.     The Red Roof Inn Defendants were acting individually, and by and through their actual or apparent agents, servants and/or employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doorman, concierges and security guards, to provide hospitality services at the Red Roof Inn.  Accordingly, the Red Roof Inn Defendants are liable for the acts and/or omissions of their agents, servants and/or employees under the theories of agency, master servant, respondeat superior and/or right of control.

49.     Defendant Paul Branham is an adult person and resident of Philadelphia who currently resides at 2012 Morris Street, Philadelphia, Pa 19145. In August 2015, Branham pled guilty to felony charges relating to the trafficking of G.D. at the Neshaminy Inn Motel, the Red Roof Inn and the Knights Inn.

50.     At all times material hereto, the Wyndham Defendants, Knights Franchise System, Inc. and the Knights Inn Defendants individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Knights Inn where they worked.

51.     At all times material hereto, the Neshaminy Inn Defendants individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Neshaminy Inn where they worked.

52.     At all times material hereto, the Red Roof Inn Defendants individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Red Roof Inn where they worked.

Case ID: 191202631

53.     At all times material hereto, the Wyndham Defendants, Knights Franchise System, Inc. and the Knights Inn Defendants,  individually and/or by their actual or apparent agents, servants and employees failed to take any steps to prevent human sex trafficking at the Knights Inn and instead permitted heinous and unspeakable acts to occur.

54.     At all times material hereto, the Neshaminy Inn Defendants individually and/or by their actual or apparent agents, servants and employees failed to take any steps to prevent human sex trafficking at the Neshaminy Inn and instead permitted heinous and unspeakable acts to occur.

55.     At all times material hereto, the Red Roof Inn Defendants individually and/or by their actual or apparent agents, servants and employees failed to take any steps to prevent human sex trafficking at the Red Roof Inn and instead permitted heinous and unspeakable acts to occur.

56.     At all times material hereto, the Wyndham Defendants, Knights Franchise System, Inc. and the Knights Inn Defendants individually and/or by their actual or apparent agents, servants and employees failed to report to authorities that human sex trafficking was occurring at the Knights Inn.

57.     At all times material hereto, the Neshaminy Inn Defendants individually and/or by their actual or apparent agents, servants and employees failed to report to authorities that human sex trafficking was occurring at the Neshaminy Inn.

58.     At all times material hereto, the Red Roof Inn Defendants individually and/or by their actual or apparent agents, servants and employees failed to report to authorities that human sex trafficking was occurring at the Red Roof Inn.

59.     At all times material hereto, the Wyndham Defendants, Knights Franchise System, Inc. and the Knights Inn Defendants individually and/or by their actual or apparent agents, servants and employees rented rooms to sex traffickers financially benefiting from the

14

Case ID: 191202631

commercial sex acts occurring on the premises of the Knights Inn.

60.     At all times material hereto, the Neshaminy Inn Defendants individually and/or by their actual or apparent agents, servants and employees rented rooms to sex traffickers financially benefiting from the commercial sex acts occurring on the premises of the Neshaminy Inn.

61.     At all times material hereto, the Red Roof Inn Defendants individually and/or by their actual or apparent agents, servants and employees rented rooms to sex traffickers financially benefiting from the commercial sex acts occurring on the premises of the Red Roof Inn.

62.     There may be other employees or agents of the Wyndham Defendants, Knights Franchise System, Inc. and the Knights Inn Defendants, Neshaminy Inn Defendants and/or Red Roof Inn Defendants with responsibilities for the care and safety of Plaintiff G.D., whose actions and/or omissions contributed to the injuries and damages suffered by Plaintiff G.D.  The identities of such persons will be discerned through discovery and such persons will be joined as defendants, if and when appropriate.

## OPERATIVE FACTS

63.     Pennsylvania has long held that hotel and motel owners are liable for the reasonably anticipated harm that may occur to their guests from third persons. *Moran v. Valley Forge Drive-In Theater, Inc.*, 246 A.2d 875, 879 (Pa. 1968).

64.     This principle has been reinforced in more modern Pennsylvania cases. *See Rabutino, Admin. of the Estate of William Impagliazzo v. Freedom State Realty Co., Inc., et al.*, 809 A.2d 933, 942 (Pa. Super. 2002) (holding that owner and operator of hotel owed a duty of care to 19-year-old who was shot and killed during party inside room because such conduct was a reasonably anticipated event).

15

Case ID: 191202631

65.     The Wyndham Defendants, Knights Franchise System, Inc. and the Knights Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Knights Inn to traffickers engaged in commercial sex acts with Plaintiff.

66.     The Neshaminy Inn Defendants individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Neshaminy Inn to traffickers engaged in commercial sex acts with Plaintiff.

67.     The Red Roof Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees, regularly rented or otherwise provided rooms and services at the Red Roof Inn to traffickers engaged in commercial sex acts with Plaintiff.

68.     In January of 2015, G.D. met Defendant Branham, an adult male who had contacted her on the Plenty of Fish dating app. Branham also befriended Plaintiff's friend, N.Z. and through the course of their relationship proceeded to exploit Plaintiff and N.Z. by using alcohol and drugs to exploit and manipulate them, before he eventually recruited, enticed, solicited, harbored and/or transported Plaintiff and N.Z. to engage in commercial sex acts at the Knights Inn, Neshaminy Inn and the Red Roof Inn.

69.     Obvious signs of sex trafficking at a hotel may include: an excess of condoms in rooms, individuals carrying or flashing large amounts of cash, excessive amounts of cash stored in the room, renting two (2) rooms next door to each other, declining housekeeping services, significant foot traffic in and out of room(s), men traveling with multiple women who appear unrelated, women known to be staying in rooms without leaving, women displaying physical injuries or signs of fear and anxiety, guests checking in with little or no luggage, hotel guests who prevent another individual from speaking for themselves, or a guest controlling another's identification documents.

Case ID: 191202631

70.     Plaintiff's trafficker put up internet advertisements for the purpose of prostituting Plaintiff.

71.     These advertisements often included both the name and address of the Knights Inn, Neshaminy Inn and the Red Roof Inn.

72.     The advertisements included sexual pictures of the Plaintiff, taken by the trafficker, and a phone number to call.

73.     During the phone call, sex for cash was negotiated and the caller "John" would be informed that Plaintiff was at the at the Knights Inn, Neshaminy Inn or the Red Roof Inn.

74.     Plaintiff engaged in numerous commercial sex act "dates" per day at the Knights Inn, Neshaminy Inn and the Red Roof Inn.

75.     Plaintiff's trafficker would leave the room but remain on the premises of the Knights Inn, Neshaminy Inn and the Red Roof Inn while Plaintiff was sold for sex.

76.     The hotel rooms where Plaintiff engaged in commercial sex acts contained used condoms and condom wrappers and the room frequently smelled of marijuana.

77.     Plaintiff was visibly treated in an aggressive manner by her trafficker while Plaintiff was trafficked out of the Knights Inn, Neshaminy Inn and the Red Roof Inn.

78.     Plaintiff exhibited fear, anxiety and displayed signs of impairment while on the premises and in public areas of the Knights Inn, Neshaminy Inn and the Red Roof Inn.  Plaintiff was forced to take crack cocaine between dates and was "shot up" with heroin while at the Knights Inn, Neshaminy Inn and the Red Roof Inn.

79.     Plaintiff's trafficker paid cash for the hotel rooms where Plaintiff engaged in commercial sex acts.

80.     Men and others frequently entered and left the rooms at Knights Inn, Neshaminy Inn and the Red Roof Inn where Plaintiff engaged in commercial sex acts.

Case ID: 191202631

81.     Plaintiff was paid cash for the commercial sex acts she engaged in while at the Knights Inn, Neshaminy Inn and the Red Roof Inn.

82.     Plaintiff distributed the cash she received for the commercial sex acts to her traffickers who used the cash as payment for the hotel rooms at the Knights Inn, Neshaminy Inn and the Red Roof Inn.

83.     On January 31, 2015, G.D. was rescued from her trafficker after police arrived at the Red Roof Inn.

84.     The Wyndham Defendants, Knights Franchise System, Inc., the Knights Inn Defendants, the Neshaminy Inn Defendants and the Red Roof Inn Defendants have been on notice of repeated incidences of criminal activity, including sex trafficking at the hotels where Plaintiff was sex trafficked but failed to take the necessary action to prevent sex trafficking.

85.     Between 2012 to 2017 the Bensalem Township Police Department reported to the Neshaminy Inn approximately 2,289 times for suspected criminal activity.

86.     Between 2012 to 2017 the Bensalem Township Police Department reported to the Knights Inn approximately 1,074 times for suspected criminal activity.

87.     Between approximately 2012-2017 the Bensalem Township Police Department reported to the Red Roof Inn approximately 639 times for suspected criminal activity.

88.     The online reviews of the Neshaminy Inn, of the many that are similar, include

> At checkout time there were several Cadillacs pulling into the parking lot picking up women from the motel rooms. It seems to me that prostitutions run rampant in this facility.  (TripAdvisor December 2011)

> First piece of advice, be really, REALLY careful here . . .but you might be kept awake by the people screaming obscenities in the next room over.  With that, let's talk about the clientele . .  .There are a lot of hookers coming in and out. . . .There are some drug dealers mulling about. (TripAdvisor May 2012).

> Definitely not a place to stay with kids.  Between the pimps and prostitutes to people partying and fighting.  I found a used needle in the light fixture and a used condom

next to the bed."  (TripAdvisor April 2015).

89.     Online reviews posted on the internet and travel websites, show the pervasiveness of customer reported sex trafficking and commercial sex activity at the Knights Inn, Neshaminy Inn and the Red Roof Inn and all of the Defendants' inattentiveness.

90.     A Detective for the Bensalem Township Police Departments has referred to the Knights Inn, Neshaminy Inn, and the Red Roof Inn as "seedy," "cheap" motels "nothing you would stay at with your family in vacation."

91.     The Neshaminy Inn offered day rates which facilitated commercial sex activity and sex trafficking.

92.     The Neshaminy Inn had no security guard despite over 2800 reports to the Neshaminy Inn by the Bensalem Township Police Department between 2012 and 2017 and repeated arrests for commercial sex activity that involved minors and that preceded when Plaintiff was sex trafficked at the Neshaminy Inn.

93.     The Neshaminy Inn Defendants failed to timely turn over video surveillance that the Bensalem Township Police requested impeding the Department's investigations of criminal activity that occurred at the Neshaminy Inn.

94.     Only Matthew Etzrodt, the General Manager of the Neshaminy Inn, co-trustee of the Mary Etzrodt Real Estate Trust, the sole member of NI45, LLC and president of Motel Management Services had access and could view the video surveillance monitors of the motel.

95.     The Neshaminy Inn Defendants failed to train and supervise staff and employees to recognize and act upon signs of commercial sex activity and sex trafficking.

96.     The Neshaminy Inn Defendants did not have any anti-trafficking policies to prevent and deter sex trafficking and commercial sex trafficking at the Neshaminy Inn.

97.     The Wyndham Defendants, Knights Franchise System, Inc., the Knights Inn

Case ID: 191202631

Defendants, the Neshaminy Inn Defendants and the Red Roof Inn Defendants allowed or permitted the trafficking of individuals for sex through its practices, policies and procedures that directly led to the sex trafficking of Plaintiff at the Knights Inn, Neshaminy Inn and Red Roof Inn.

98.     For years, the Wyndham Defendants, Knights Inn Franchise System, Inc., the Knights Inn Defendants, the Neshaminy Inn Defendants and the Red Roof Inn Defendants had actual and/or constructive knowledge of the rampant culture of sex trafficking at the Knights Inn, Neshaminy Inn, and Red Roof Inn which directly led to the sex trafficking of Plaintiff at these hotels.

99.     Despite obvious signs of human sex trafficking and indicators of commercial sex activity (excessive condoms, lubricants, heavy foot traffic in and out of rooms, excessive noise, a man traveling with multiple women who appeared unrelated, drugs and drug paraphernalia, paying cash, renting rooms, renting rooms day to day), the Wyndham Defendants, Knights Inn Franchise System, Inc., the Knights Inn Defendants, the Neshaminy Inn Defendants and the Red Roof Inn Defendants failed to recognize that Plaintiff was being sex trafficked.

100.    Plaintiff, as a hotel guest, was a business invitee of the Wyndham Defendants, Knights Franchise System, Inc. and the Knights Inn Defendants.

101.    Plaintiff, as a hotel guest, was a business invitee of the Neshaminy Inn Defendants.

102.    Plaintiff, as a hotel guest, was a business invitee of the Red Roof Inn Defendants.

103.    The Wyndham Defendants, Knights Franchise System, Inc. and the Knights Inn Defendants individually and/or by and through their actual or apparent agents, servants and employees, owed a duty to Plaintiff, as a hotel guest, to exercise reasonable care to protect against criminal conduct.

104.    The Neshaminy Inn Defendants individually and/or by and through their actual or apparent agents, servants and employees, owed a duty to Plaintiff, as a hotel guest, to exercise

Case ID: 191202631

reasonable care to protect against criminal conduct.

105.    The Red Roof Inn Defendants individually and/or by and through their actual or apparent agents, servants and employees, owed a duty to Plaintiff, as a hotel guest, to exercise reasonable care to protect against criminal conduct.

106.    Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, the Wyndham Defendants, Knights Franchise System, Inc. and the Knights Inn Defendants individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of Plaintiff.

107.    Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, the Neshaminy Inn Defendants individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of Plaintiff.

108.    Despite actual knowledge, constructive knowledge and general awareness of the signs of human trafficking, the Red Roof Inn Defendants individually and/or by and through their actual or apparent agents, servants and employees, failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking of Plaintiff.

109.    Despite actual knowledge, constructive knowledge and general awareness of the signs of human sex trafficking at the Knights Inn and negligently allowing the Plaintiff's harm to occur, the Wyndham Defendants, Knights Franchise System, Inc. and the Knights Inn Defendants individually and/or by and through its actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

110.    Despite actual knowledge, constructive knowledge and general awareness of the

21

Case ID: 191202631

signs of human sex trafficking at the Neshaminy Inn and negligently allowing the Plaintiff's harm to occur, the Neshaminy Inn Defendants individually and/or by and through its actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

111.    Despite actual knowledge, constructive knowledge and general awareness of the signs human sex trafficking at the Red Roof Inn and negligently allowing the Plaintiff's harm to occur, the Red Roof Inn Defendants individually and/or by and through its actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life, and loss of life's pleasures both in the past and in the future.

112.    The Wyndham Defendants, Knights Franchise System, Inc. and the Knights Inn Defendants individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

113.    The Neshaminy Inn Defendants individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

114.    The Red Roof Inn Defendants individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

<u>**COUNT I – CIVIL LIABILITY UNDER THE PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 Pa. C.S.A. § 3051**</u>

<u>**G.D. v. THE KNIGHTS INN OF TREVOSE, JULESBURG USA, INC. T/A KNIGHTS INN, KNIGHTS FRANCHISE SYSTEMS INC., E. & R. INVESTMENT INC.,**</u>

Case ID: 191202631

**WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC., WYNDHAM DESTINATIONS, INC., JOHN DOE MANAGEMENT COMPANY AND JOHN DOE SECURITY COMPANY #1**

115.    The averments of Paragraphs 1 through 114 are incorporated herein by reference.

116.    Pennsylvania's Human Trafficking Law 18 PA C.S.A. § 3051 creates civil liability for people or entities who knowingly market or provide their goods and services to sex traffickers.

117.    The Wyndham Defendants, Knights Inn Franchise Systems, Inc. and Knights Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees, knew that they were renting rooms to the individual sex trafficking Plaintiff, which resulted in her being sex trafficked and sexually exploited.

118.    The Wyndham Defendants, Knights Inn Franchise Systems, Inc. and Knights Inn Defendants financially benefited from allowing or permitting commercial sex activity and human sex trafficking at the Knights Inn which directly led to the sex trafficking of the Plaintiff at the Knights Inn.

119.    By renting rooms to the individual sex trafficking Plaintiff for commercial sex acts, the Wyndham Defendants, Knights Inn Franchise Systems, Inc. and Knights Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

120.    By renting rooms to individuals sex trafficking the Plaintiff, the Wyndham Defendants, Knights Inn Franchise Systems, Inc. and Knights Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees, failed to report,

Case ID: 191202631

intervene, disrupt or otherwise stop sex trafficking on the premises of the Knights Inn.

121.    By renting rooms to the individual sex trafficking Plaintiff, Wyndham Defendants, Knights Inn Franchise Systems, Inc. and Knights Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff G.D. demands judgment in her favor and against the Wyndham Defendants, Knights Inn Franchise Systems, Inc. and the Knights Inn Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT II – CIVIL LIABILITY UNDER THE PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 Pa. C.S.A. § 3051

## G.D. V. MOTEL MANAGEMENT SERVICES, INC., INDIVIDUALLY AND D/B/A THE NESHAMINY INN, THE MARY ETZRODT REAL ESTATE TRUST, AND NI45, LLC

122.    The averments of Paragraphs 1 through 121 are incorporated herein by reference.

123.    Pennsylvania's Human Trafficking Law 18 PA C.S.A. § 3051 creates civil liability for people or entities who knowingly market or provide their goods and services to sex traffickers.

124.    The Neshaminy Inn Defendants individually and/or by and through their actual or apparent agents, servants and employees, knew that they were renting rooms to the individual sex trafficking Plaintiff, which resulted in her being sex trafficked and sexually exploited.

125.    The Neshaminy Inn Defendants financially benefited from allowing or permitting commercial sex activity and human sex trafficking at the Neshaminy Inn which directly led to the sex trafficking of the Plaintiff at the Neshaminy Inn.

126.    By renting rooms to the individual sex trafficking Plaintiff for commercial sex

Case ID: 191202631

acts, the Neshaminy Inn Defendants, individually and/or by and through their actual or apparent

agents, servants and employees, caused Plaintiff to suffer physical harm, mental anguish,

humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of

life's pleasures both in the past and in the future.

127.     By renting rooms to an individual sex trafficking the Plaintiff, Neshaminy Inn

Defendants, individually and/or by and through their actual or apparent agents, servants and

employees, failed to report, intervene, disrupt or otherwise stop sex trafficking on the premises

of the Neshaminy Inn.

128.     Neshaminy Inn Defendants, individually and/or by and through their actual or

apparent agents, servants and employees acted outrageously and in reckless disregard for the

health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff G.D. demands judgment in her favor and against Neshaminy

Inn Defendants and demands compensatory and punitive damages in excess of Fifty Thousand

($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment

delay.

### COUNT III – CIVIL LIABILITY UNDER THE PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 Pa. C.S.A. § 3051

### G.D. v. THE RED ROOF INN PHILADELPHIA-TREVOSE, BW RRI II LLC, WRRH INVESTMENTS LP, WESTMONT HOSPITALITY MANAGEMENT LLC, D/B/A WESTMONT HOSPITALITY GROUP, INC., A/K/A WESTMONT DEVELOPMENT GROUP, RED ROOF INNS, INC. ["RRI"], RED ROOF FRANCHISING, LLC ["RRF"] AND JOHN DOE SECURITY COMPANY #2

129.     The averments of Paragraphs 1 through 128 are incorporated herein by reference.

130.     Pennsylvania's Human Trafficking Law 18 PA C.S.A. § 3051 creates civil

liability for people or entities who knowingly market or provide their goods and services to sex

traffickers.

Case ID: 191202631

131.    The Red Roof Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees, knew that they were renting rooms to the individual sex trafficking Plaintiff, which resulted in her being sex trafficked and sexually exploited.

132.    The Red Roof Inn Defendants financially benefited from allowing or permitting commercial sex activity and human sex trafficking at the Red Roof Inn which directly led to the sex trafficking of the Plaintiff at the Neshaminy Inn.

133.    By renting rooms to the individual sex trafficking Plaintiff for commercial sex acts, Red Roof Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

134.    By renting rooms to an individual sex trafficking the Plaintiff, Red Roof Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees, failed to report, intervene, disrupt or otherwise stop sex trafficking on the premises of the Red Roof Inn.

135.    Red Roof Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff G.D. demands judgment in her favor and against the Red Roof Inn Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

Case ID: 191202631

## COUNT IV – CIVIL LIABILITY UNDER THE PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 Pa. C.S.A. § 3051

### G.D. v. PAUL BRANHAM

136.   The averments of Paragraphs 1 through 135 are incorporated herein by reference.

137.   Pennsylvania's Human Trafficking Law 18 PA C.S.A. § 3051 creates civil liability for people or entities who knowingly profit from sex trafficking.

138.   Defendant Paul Branham recruited, enticed, solicited, harbored and/or transported Plaintiff and to engage in commercial sex acts at the Knights Inn, Neshaminy Inn and the Red Roof Inn, which resulted in Plaintiff being sex trafficked and sexually exploited.

139.   By trafficking Plaintiff for commercial sex acts, Defendant Paul Branham caused Plaintiff to suffer physical harm, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

140.   By sex trafficking Plaintiff, Defendant Paul Branham, acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff G.D. demands judgment in her favor and against the Defendant Paul Branham and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT V – NEGLIGENCE

### G.D. v. THE KNIGHTS INN OF TREVOSE, JULESBURG USA, INC. T/A KNIGHTS INN, KNIGHTS FRANCHISE SYSTEMS INC., E. & R. INVESTMENT INC., WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC., WYNDHAM DESTINATIONS, INC., JOHN DOE MANAGEMENT COMPANY AND JOHN DOE SECURITY COMPANY #1

Case ID: 191202631

141.    The averments of Paragraphs 1 through 140 are incorporated herein by reference.

142.    The Wyndham Defendants, Knights Inn Franchise Systems, Inc. and Knights Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons lawfully on the premises of the Knights Inn.

143.    The Wyndham Defendants, Knights Inn Franchise Systems, Inc. and Knights Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the Knights Inn.

144.    The Wyndham Defendants, Knights Inn Franchise Systems, Inc. and Knights Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Knights Inn in a manner that did not endanger children or other persons, including Plaintiff.  Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Knights Inn.

145.    The Wyndham Defendants, Knights Inn Franchise Systems, Inc. and Knights Inn Defendants individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew, or should have known, that persons lawfully on the premises of the Knights Inn, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being. Moreover, Defendants breached their duty of care because they knew, or should have

28

Case ID: 191202631

known, that adults working as sex traffickers were causing, by any means, persons, including Plaintiff, to be sexually exploited and trafficked at the Knights Inn on a repeated basis.

146. The Wyndham Defendants, Knights Inn Franchise Systems, Inc. and Knights Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Knights Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Knights Inn.

147. The Wyndham Defendants, Knights Inn Franchise Systems, Inc. and Knights Inn Defendants individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Knights Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Knights Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.  The negligence of The Knights Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

    a. Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

    b. Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

    c. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

    d. Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

Case ID: 191202631

e.   Failing to adequately control access to the premises;

f.   Failing to prevent entry of unauthorized individuals onto the premises;

g.   Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

h.   Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

i.   Failing to assign experienced security personnel to provide competent guard services at the Knights Inn;

j.   Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Knights Inn;

k.   Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l.   Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m.   Failing to detect and respond to commercial sex activity and human sex trafficking at the Knights Inn;

n.   Failing to conduct adequate surveillance of the premises of the Knights Inn;

o.   Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

p.   Failing to respond and react to suspicious activity detected on video surveillance;

q.   Failing to maintain surveillance equipment in proper working order;

r.   Failing to test or properly test surveillance equipment to ensure it was in working order;

s.   Failing to utilize appropriate and/or required surveillance equipment;

t.   Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

u.   Allowing individuals to come on to the premises for the express purpose of

30

Case ID: 191202631

trafficking Plaintiff;

v.   Failing to prevent Plaintiff from being trafficked on the premises;

w.   Breaching its duties under the Restatement of the Law of Torts [Second], including but not limited to§§ 302, 318, 321, 323, 324A, and 344; and

x.   Failing to exercise care, caution, and diligence required under the circumstances.

148.   By renting rooms to Plaintiff's sex trafficker, the Wyndham Defendants, Knights Inn Franchise Systems, Inc. and Knights Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts.

149.   As a result of the Wyndham Defendants, Knights Inn Franchise Systems, Inc. and Knights Inn Defendants' negligence, Plaintiff was caused to suffer physical harm, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

150.   The Wyndham Defendants, Knights Inn Franchise Systems, Inc. and Knights Inn Defendants, breached their duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Knights Inn.

151.   The Wyndham Defendants, Knights Inn Franchise Systems, Inc. and Knights Inn Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff G.D. demands judgment in her favor and against the Wyndham Defendants, Knights Inn Franchise Systems, Inc. and Knights Inn Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

Case ID: 191202631

## COUNT VI – NEGLIGENCE

## G.D. V. MOTEL MANAGEMENT SERVICES, INC., INDIVIDUALLY AND D/B/A THE NESHAMINY INN, THE MARY ETZRODT REAL ESTATE TRUST, AND NI45, LLC

152.    The averments of Paragraphs 1 through 151 are incorporated herein by reference.

153.    The Neshaminy Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons lawfully on the premises of the Neshaminy Inn Defendants.

154.    The Neshaminy Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the Neshaminy Inn.

155.    The Neshaminy Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Neshaminy Inn in a manner that did not endanger children or other persons, including Plaintiff.  Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Neshaminy Inn.

156.    The Neshaminy Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew, or should have known, that persons lawfully on the premises of the Neshaminy Inn, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely

Case ID: 191202631

endanger their health, safety, and/or well-being. Moreover, Defendants breached their duty of care because they knew, or should have known, that adults working as sex traffickers were causing, by any means, persons, including Plaintiff, to be sexually exploited and trafficked at the Neshaminy Inn on a repeated basis.

157.    The Neshaminy Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Neshaminy Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Neshaminy Inn.

158.    The Neshaminy Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Neshaminy Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Neshaminy Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.  The negligence of The Neshaminy Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

    a.  Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

    b.  Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

    c.  Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

    d.  Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the

Case ID: 191202631

premises of individuals posing security threats;

e.  Failing to adequately control access to the premises;

f.  Failing to prevent entry of unauthorized individuals onto the premises;

g.  Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

h.  Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

i.  Failing to assign experienced security personnel to provide competent guard services at the Neshaminy Inn;

j.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Neshaminy Inn;

k.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m.  Failing to detect and respond to commercial sex activity and human sex trafficking at the Neshaminy Inn;

n.  Failing to conduct adequate surveillance of the premises of the Neshaminy Inn;

o.  Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

p.  Failing to respond and react to suspicious activity detected on video surveillance;

q.  Failing to maintain surveillance equipment in proper working order;

r.  Failing to test or properly test surveillance equipment to ensure it was in working order;

s.  Failing to utilize appropriate and/or required surveillance equipment;

t.  Failing to adequately monitor activity on video surveillance and promptly

Case ID: 191202631

react thereto for the safety of Plaintiff;

u.   Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

v.   Failing to prevent Plaintiff from being trafficked on the premises;

w.   Breaching its duties under the Restatement of the Law of Torts [Second], including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

x.   Failing to exercise care, caution, and diligence required under the circumstances.

159.   By renting rooms to Plaintiff's sex trafficker, the Neshaminy Defendants, individually and/or by and through their actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts.

160.   As a result of the Neshaminy Defendants' negligence, Plaintiff was caused to suffer physical harm, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

161.   As a result of the Neshaminy Defendants' negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Neshaminy Inn.

162.   The Neshaminy Inn Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff G.D. demands judgment in her favor and against the Neshaminy Inn Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VII – NEGLIGENCE

## G.D. v. THE RED ROOF INN PHILADELPHIA-TREVOSE, BW RRI II LLC, WRRH INVESTMENTS LP, WESTMONT HOSPITALITY MANAGEMENT

Case ID: 191202631

**LLC, D/B/A WESTMONT HOSPITALITY GROUP, INC., A/K/A WESTMONT
DEVELOPMENT GROUP, RED ROOF INNS, INC. ["RRI"], RED ROOF
FRANCHISING, LLC ["RRF"] AND JOHN DOE SECURITY COMPANY #2**

163.    The averments of Paragraphs 1 through 162 are incorporated herein by reference.

164.    The Red Roof Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees, were under a duty to provide reasonable, adequate, and sufficient security personnel and/or to otherwise take appropriate steps to ensure the safety and protection of persons lawfully on the premises of the Red Roof Inn Defendants.

165.    The Red Roof Inn Defendants individually and/or by and through their actual or apparent agents, servants and employees should have reasonably anticipated criminal conduct by third parties, including other guests, invitees or persons on the premises of the Red Roof Inn.

166.    The Red Roof Inn Defendants individually and/or by and through their actual or apparent agents, servants and employees, had a duty to take precautions against reasonably anticipated criminal conduct by third parties and to operate the Red Roof Inn in a manner that did not endanger children or other persons, including Plaintiff.  Moreover, the Defendants had a duty of care to take reasonable steps to protect foreseeable victims of the dangers created by their acts and omissions, including the danger of human trafficking and sexual exploitation on the premises of the Red Roof Inn.

167.    The Red Roof Inn Defendants individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew, or should have known, that persons lawfully on the premises of the Red Roof Inn, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being. Moreover, Defendants breached their duty of care because they knew, or should have known, that adults working as sex traffickers were causing, by any means, persons, including Plaintiff, to be sexually exploited and trafficked at the Red Roof

Case ID: 191202631

Inn on a repeated basis.

168.    The Red Roof Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Red Roof Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Red Roof Inn.

169.    The Red Roof Inn Defendants individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Red Roof Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that person on the premises of the Red Roof Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.   The negligence of The Red Roof Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

     a.   Failing to execute and/or implement the established security plan and/or execute and/or implement any established security plan;

     b.   Failure to publish and/or post orders at the security posts providing protocols for employees to follow in circumstances involving commercial sexual activity and/or human sex trafficking;

     c.   Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of individuals lawfully on the premises;

     d.   Failing to adopt, establish, implement, and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning removal from the premises of individuals posing security threats;

     e.   Failing to adequately control access to the premises;

     f.   Failing to prevent entry of unauthorized individuals onto the premises;

Case ID: 191202631

g.  Failing to properly and adequately hire, train and provide ongoing training to employees including but not limited to ongoing training involving recognizing, preventing and responding to criminal activity, prostitution and sex trafficking;

h.  Failing to select and/or retain only personnel competent to provide proper and adequate professional services;

i.  Failing to assign experienced security personnel to provide competent guard services at the Red Roof Inn;

j.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of business invitees on the premises of the Red Roof Inn;

k.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper security measures in a hotel setting;

l.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations, and/or guidelines concerning proper monitoring, surveillance, and patrolling of the premises;

m.  Failing to detect and respond to commercial sex activity and human sex trafficking at the Red Roof Inn;

n.  Failing to conduct adequate surveillance of the premises of the Red Roof Inn;

o.  Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

p.  Failing to respond and react to suspicious activity detected on video surveillance;

q.  Failing to maintain surveillance equipment in proper working order;

r.  Failing to test or properly test surveillance equipment to ensure it was in working order;

s.  Failing to utilize appropriate and/or required surveillance equipment;

t.  Failing to adequately monitor activity on video surveillance and promptly react thereto for the safety of Plaintiff;

u.  Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

v.  Failing to prevent Plaintiff from being trafficked on the premises;

Case ID: 191202631

w. Breaching its duties under the Restatement of the Law of Torts [Second], including but not limited to §§ 302, 318, 321, 323, 324A, and 344; and

x. Failing to exercise care, caution, and diligence required under the circumstances.

170.    By renting rooms to Plaintiff's sex traffickers, the Red Roof Defendants, individually and/or by and through their actual or apparent agents, servants and employees, breached the standard of good and prudent care by not reporting, intervening, disrupting or otherwise stopping the practice of traffickers committing commercial sex acts.

171.    As a result of the Red Roof Defendants' negligence, Plaintiff was caused to suffer physical harm, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

172.    As a result of the Red Roof Defendants' negligence, Defendants breached its duty to Plaintiff in not reporting, intervening, disrupting or otherwise stopping sex trafficking occurring at the Red Roof Inn.

173.    The Red Roof Inn Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff G.D. demands judgment in her favor and against the Red Roof Inn Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT VIII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### G.D. v. THE KNIGHTS INN OF TREVOSE, JULESBURG USA, INC. T/A KNIGHTS INN, KNIGHTS FRANCHISE SYSTEMS INC., E. & R. INVESTMENT INC., WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC., WYNDHAM DESTINATIONS, INC., JOHN DOE MANAGEMENT COMPANY AND JOHN DOE SECURITY COMPANY #1

174.    The averments of paragraphs 1 through 173 are incorporated herein by reference.

Case ID: 191202631

175. The Wyndham Defendants, Knights Inn Franchise Systems, Inc. and Knights Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

176. Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff G.D. demands judgment in her favor and against the Wyndham Defendants, Knights Inn Franchise Systems, Inc. and Knights Inn Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT IX – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

## G.D. V. MOTEL MANAGEMENT SERVICES, INC., INDIVIDUALLY AND D/B/A THE NESHAMINY INN, THE MARY ETZRODT REAL ESTATE TRUST, AND NI45, LLC

177. The averments of paragraphs 1 through 176 are incorporated herein by reference.

178. The Neshaminy Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

179. Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff G.D. demands judgment in her favor and against the Neshaminy Inn Defendants and demands compensatory and punitive damages in excess of Fifty Thousand

Case ID: 191202631

($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT X – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### G.D. v. THE RED ROOF INN PHILADELPHIA-TREVOSE, BW RRI II LLC, WRRH INVESTMENTS LP, WESTMONT HOSPITALITY MANAGEMENT LLC, D/B/A WESTMONT HOSPITALITY GROUP, INC., A/K/A WESTMONT DEVELOPMENT GROUP, RED ROOF INNS, INC. ["RRI"], RED ROOF FRANCHISING, LLC ["RRF"] AND JOHN DOE SECURITY COMPANY #2

180.     The averments of paragraphs 1 through 179 are incorporated herein by reference.

181.     The Red Roof Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees, negligently committed the acts averred in this Complaint against the Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to the Plaintiff.

182.     Defendants acted outrageously and in reckless disregard for the health and welfare of the Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff G.D. demands judgment in her favor and against the Red Roof Inn Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT XI – NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

### G.D. v. THE KNIGHTS INN OF TREVOSE, JULESBURG USA, INC. T/A KNIGHTS INN, KNIGHTS FRANCHISE SYSTEMS INC., E. & R. INVESTMENT INC., WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC., WYNDHAM DESTINATIONS, INC., JOHN DOE MANAGEMENT COMPANY AND JOHN DOE SECURITY COMPANY #1

183.     The averments of paragraphs 1 through 182 are incorporated herein by reference.

184.     Defendants, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience,

41

Case ID: 191202631

was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

185.     The Wyndham Defendants, Knights Inn Franchise Systems, Inc. and Knights Inn Defendants individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide a reasonably sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by third parties.

186.     The Wyndham Defendants, Knights Inn Franchise Systems, Inc. and Knights Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that failure to hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

187.     The Wyndham Defendants, Knights Inn Franchise Systems, Inc. and Knights Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the Knights Inn, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the Knights Inn would be victimized by, or subjected to, such criminal and/or violent acts.

188.     As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the Knights Inn, causing severe injuries to Plaintiff including, but not limited to, physical harm, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

189.     Due to Defendants' failure to failure to hire, train, manage, supervise and/or control

Case ID: 191202631

their agents and/or employees, the Wyndham Defendants, Knights Inn Franchise Systems, Inc. and Knights Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

WHEREFORE, Plaintiff G.D. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT XII – NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

### G.D. V. MOTEL MANAGEMENT SERVICES, INC., INDIVIDUALLY AND D/B/A THE NESHAMINY INN, THE MARY ETZRODT REAL ESTATE TRUST, AND NI45, LLC

190.     The averments of paragraphs 1 through 189 are incorporated herein by reference.

191.     Defendants, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

192.     Neshaminy Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide a reasonably sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by third parties.

193.     The Neshaminy Inn Defendants individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that failure to hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

194.     The Neshaminy Inn Defendants, individually and/or by and through their actual or

Case ID: 191202631

apparent agents, servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the Neshaminy Inn, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the Neshaminy Inn would be victimized by, or subjected to, such criminal and/or violent acts.

195.    As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the Neshaminy Inn, causing severe injuries to Plaintiff including, but not limited to, physical harm, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

196.    Due to Defendants failure to failure to hire, train, manage, supervise and/or control their agents and/or employees, The Neshaminy Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff G.D. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT XIII – NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

### G.D. v. THE RED ROOF INN PHILADELPHIA-TREVOSE, BW RRI II LLC, WRRH INVESTMENTS LP, WESTMONT HOSPITALITY MANAGEMENT LLC, D/B/A WESTMONT HOSPITALITY GROUP, INC., A/K/A WESTMONT DEVELOPMENT GROUP, RED ROOF INNS, INC. ["RRI"], RED ROOF FRANCHISING, LLC ["RRF"] AND JOHN DOE SECURITY COMPANY #2

197.    The averments of paragraphs 1 through 196 are incorporated herein by reference.

198.    Defendants, individually and/or by and through their actual or apparent agents,

44

servants and employees, based on the place and character of its business and/or its past experience, was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

199.   The Red Roof Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide a reasonably sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by third parties.

200.   The Red Roof Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees, knew or should have known that failure to hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

201.   The Red Roof Inn Defendants, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the Red Roof Inn, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the Red Roof Inn would be victimized by, or subjected to, such criminal and/or violent acts.

202.   As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the Red Roof Inn, causing severe injuries to Plaintiff including, but not limited to, physical harm, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future.

203.   Due to Defendants failure to failure to hire, train, manage, supervise and/or control their agents and/or employees, The Red Roof Inn Defendants, individually and/or by and through

Case ID: 191202631

their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff G.D. demands judgment in her favor and against all Defendants and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**KLINE & SPECTER, P.C.**

*/s/Emily B. Marks*
BY: _____
THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE

Dated: ____3/31/20_____

46

Case ID: 191202631

## <u>VERIFICATION</u>

I, G.D., hereby state that I am the Plaintiff in the within matter, and as such verify that the statements made in the foregoing Second Amended Complaint are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

