**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

NAUTILUS INSURANCE COMPANY       :
      :
                  Plaintiff,       :
      :
         v.       :
      :
MOTEL MANAGEMENT SERVICES, INC.,       :       CIVIL ACTION
d/b/a NESHAMINY INN       :
             and       :
MARY ETZRODT TRUST       :       NO. 20-CV-01607
             and       :
NI45, LLC       :
             and       :
G.D.       :
             and       :
N.Z.       :
      :
                 Defendants.       :

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2020, upon consideration of the

Motion for Judgment on the Pleadings of Defendants Motel Management Services, Inc., d/b/a

Neshaminy Inn, The Mary Etzrodt Trust and NI45, LLC, and any responses thereto, it is hereby

ORDERED and DECREED that said motion GRANTED, and judgment in favor of said

defendants and against plaintiff Nautilus Insurance Company is hereby entered declaring that

Nautilus Insurance Company is obligated to provide a defense to said defendants with respect to

the claims of the second amended complaints made in the underlying actions of <u>G.D. v. Knights</u>

<u>Inn of Trevose, et al.</u>, in the Philadelphia Court of Common Pleas at No. 1912-02631 and <u>N.Z. v.</u>

<u>Knights Inn of Trevose, et al.</u>, in the Philadelphia Court of Common Pleas at No. 1912-02642.

**BY THE COURT:**

_____
                                                      J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MOTEL MANAGEMENT SERVICES, INC., | : | CIVIL ACTION |
| d/b/a NESHAMINY INN | : | |
| and | : | |
| MARY ETZRODT TRUST | : | NO. 20-CV-01607 |
| and | : | |
| NI45, LLC | : | |
| and | : | |
| G.D. | : | |
| and | : | |
| N.Z. | : | |
| | : | |
| Defendants. | : | |

**MOTION FOR JUDGMENT ON THE PLEADINGS OF
DEFENDANTS MOTEL MANAGEMENT SERVICES, INC.,
D/B/A NESHAMINY INN, THE MARY ETZRODT TRUST
AND NI45, LLC (THE "DEFENDANT INSUREDS")**

## I.     INTRODUCTION

1.     As discussed at the Rule 16 conference with Your Honor, this is one of two

insurance coverage declaratory judgment actions now pending between plaintiff insurer Nautilus,

the defendant insureds, and the co-defendant underlying plaintiffs.  The two pending coverage

actions arise from the claims of a total of three underlying plaintiffs (including the co-defendants

in this case, G.D. and N.Z.) that they engaged in commercial sex prostitution, as a result of being

sexually trafficked by third parties, at rooms rented at several motels, including the Neshaminy

Inn, operated by the defendant insureds.

2.      The first pending declaratory judgment, involving the claims of the third underlying plaintiff, E.B., is pending in this Court before the Honorable Judge Petrese B. Tucker, and cross-motions for judgment on the pleadings in that case were filed on June 5, 2020.[1]

3.      Based on discussions among the parties in this case, there appears to be a consensus that while the decision on the above-referenced cross-motions in the declaratory judgment before Judge Tucker is likely to be instructive in this case, that decision would likely not be dispositive, for reasons including that coverage for each underlying case must be determined on the specific factual averments of each underlying plaintiff's operative complaint.

4.      The underlying plaintiffs in this case, G.D. and N.Z., have filed virtually identical underlying complaints, described below, against the defendant insureds, which differ to some extent from the now pending amended complaint involved in the declaratory judgment action pending before Judge Tucker.

5.      In both of the above pending declaratory judgment actions, plaintiff insurer relies principally upon its "all assault and battery" exclusion (see, e.g., paragraph 117 et seq. of First Amended Complaint for Declaratory Judgment) and the doctrine of "public policy" (see, e.g., paragraph 129 of First Amended Complaint for Declaratory Judgment) in seeking to have This Court declare that there is no coverage, and that plaintiff insurer may withdraw the defense, which it is continuing to provide to its defendant insureds in all three underlying cases.

6.      In both of the pending declaratory judgment actions, defendant insureds rely on, among other things, well settled principles as to how to determine an insurer's duty to defend

---

[1] The filing of cross-motions does not mean that the parties agree that judgment is appropriate in favor of one or the other.  See, e.g., Cascades Tissue Group-Pa., Inc. v. United Steel, Paper, and Forestry, Rubber, Mfg., Energy Allied Indus. and Service Workers Intern. Union, 119 F. Supp 3d 307, 311-312 (E.D. Pa 2015).

where there is an allegedly applicable exclusion, including principles reiterated very recently by this Commonwealth's Supreme Court in Erie Ins. Exchange v. Moore, 228 A.3d 258 (Pa. 2020).

7.     More specifically in Moore, the Pennsylvania Supreme Court explained that coverage must be determined by comparing the language of an exclusion with the factual averments set forth in the underlying complaint, with those factual averments "liberally construed in favor of the insured," with "doubt or ambiguity" "resolved in favor of coverage", and the duty to defend continuing to the extent that there are "undetermined facts that might impact on coverage" and "until the claim is narrowed to one patently outside the policy coverage." Id. at 265.

8.     As explained below, neither of the operative complaints of G.D. or N.Z., which are the subject of plaintiff insurer's First Amended Complaint now at issue, are free from "doubt or ambiguity," as required, as to whether their alleged sexual trafficking acts of illegal commercial sex were the result of coercion of force, or threat of force, within the "plain and ordinary" meaning of the term "assault and battery" used in the relied upon Nautilus "All Assault And Battery Exclusion" exclusion.[2]

9.     Since plaintiff insurer filed its initial Complaint, now superseded by its First Amended Complaint, both G.D. and N.Z. have amended their underlying complaints.

10.     As plaintiff insurer now explains, in their operative underlying amended complaints both G.D. and N.Z. now allege that their acts of commercial sex were coerced by their being "treated in an aggressive manner," and being exploited through alcohol and drug use by their trafficker.  (See, e.g., paragraphs 121-122 of First Amended Complaint for Declaratory Judgment.)

---

[2] See paragraph 80 of First Amended Complaint for Declaratory Judgment.

II.     **THE INAPPLICABILITY OF THE ASSAULT AND BATTERY EXCLUSION AT
        THIS JUNCTURE**

11.     The specific averments of G.D. and N.Z., including their being "treated in an
aggressive manner," and being exploited through alcohol and drug use, are not, as this
Commonwealth's Supreme Court recently made clear is required, free from "doubt or
ambiguity" as to whether either underlying plaintiff ever engaged in any act of commercial sex
as a result of either assaultive violence or threat of imminent serious bodily injury, within the
"plain and ordinary" meaning of the term "assault" used in the relied upon "Assault And
Battery" exclusion.

12.     Under Pennsylvania law, "[i]n determining the existence of a duty to defend, the
factual allegations of the underlying complaint against the insured are to be taken as true and
liberally construed in favor of the insured." Nationwide Mut. Ins. Co. v. CPB Int'l, Inc., 562
F.3d 591, 595-96 (3d Cir. 2009) (citation omitted).

13.     Also, under Pennsylvania law, "an insurer has a duty to defend if there is any
possibility that its coverage has been triggered by allegations in the underlying complaint." See
Ramara, Inc. v. Westfield Ins. Co., 814 F.3d 660, 674 (3d Cir. 2016) (citing Am. & Foreign Ins.
Co. v. Jerry's Sports Ctr., Inc., 2 A.3d 526, 541 (Pa 2010)).

14.     As the Pennsylvania Supreme Court has explained, "[I]t is the potential, rather
than the certainty, of a claim falling within the insurance policy that triggers the insurer's duty to
defend," and an insurer is "obliged" to defend its insureds "as long as the complaint might or
might not fall within the policy's coverage." Am. & Foreign Ins. Co., 2 A.3d at 541.

15.     In addition, as the Third Circuit has explained, "in Pennsylvania, when words of
common usage are used in an insurance policy, they should be construed in their natural, plain

and ordinary sense." <u>Meyer v. CUNA Mut. Ins. Soc.</u>, 648 F.3d 154, 164 (3d Cir. 2011), <u>citing</u>

<u>Madison Const. Co. v. Harleysville Mut. Ins. Co.</u>, 735 A.2d 100, 108 (Pa. 1999).

16.     This Court and the Third Circuit have explained the "plain and ordinary" meaning

of the term "assault," as used in policy exclusions, as follows:

> "in Pennsylvania, an individual is guilty of an assault 'if he/she
> 'attempts to cause or intentionally or recklessly causes bodily
> injury to another' or 'attempts by physical menace to put another
> in fear of imminent serious bodily injury.'" <u>Liberty Surplus Ins.</u>
> <u>Corp. v. McFaddens at Ballpark LLC</u>, 116 F.Supp.3d 447, 458
> (E.D. Pa. 2015), <u>quoting</u> <u>Essex Ins. Co. v. Starlight Mgmt. Co.</u>,
> 198 Fed. Appx. 179, 183 (3d Cir. 2006) (<u>quoting</u> 18 Pa. C.S.
> §2701).

17.     Under Pennsylvania law, the meaning of the term "battery," also used in the relied

upon exclusion, is not independent from the term "assault," as "battery" is committed whenever

violence menaced in an assault is actually done. <u>Renk v. City of Pittsburgh</u>, 641 A.2d 289, 293

(Pa. 1994).

18.     Also, under Pennsylvania law an insurer seeking to avoid the duty to defend based

on a policy's exclusion has a heavy burden to demonstrate the exclusion's applicability, and

must show that the <u>only</u> reasonable interpretation of the language of the exclusion, consistent

with the plain and ordinary meaning of the policy's terms, is preclusive of coverage. <u>See</u>, <u>e.g.</u>,

<u>Meyer</u>, <u>supra</u>, at 163-164; <u>General Refractories Co. v. First State Ins. Co.</u>, 94 F.Supp.3d 649, 657

(E.D. Pa. 2015) (insurer bears burden of proving applicability of exclusion, which must be

strictly and narrowly interpreted).

19.     As the Pennsylvania Supreme Court explained in <u>Madison Const. Co. v.</u>

<u>Harleysville Mut. Ins. Co.</u>, 735 A.2d 100, 106 (Pa. 1999), the question of whether policy

language "is reasonably susceptible of different constructions and capable of being understood in

more than one sense," "when applied to a particular set of facts," "is not a question to be resolved in a vacuum."

20.     While limited to the "four corners" of the underlying complaints, in determining whether there exists any "possibility" of liability on covered grounds exists, a court may properly examine the nature of similar or related matters to determine if there are, as here, "undetermined facts that might impact on coverage," requiring an insurer to defend "until the claim is narrowed to one patently outside the policy coverage."  Moore, supra, at 265, 267.

21.     For example, in construing an underlying complaint involving a shooting during a fight, the Pennsylvania Supreme Court found coverage based on ambiguity, as to whether the factual averments pled by the underlying plaintiff foreclosed any possibility of liability based on unintentional damages, by looking to other shootings, and agreeing with the Superior Court that "gunshot wounds commonly are inflicted deliberately," but "not all injuries from gun violence are intentional."  Moore, supra, at 262.

22.     Similarly, "not all" sexual trafficking victimization is based on violence or threats of violence within the "plain and ordinary" meaning of the term "assault," used in the relied upon exclusion.

23.     To the contrary, sexual trafficking can, and frequently does, occur based on such purely psychologically manipulation as "promises of romantic love, a sense of family or access to a better life."  ("Human Trafficking 101," part 5 ("How does human trafficking happen in the U.S.?"), https://www.unitas.ngo/human-trafficking-101.

24.     In Pennsylvania, not only does the language of insurance policy have to be construed in its plain and ordinary sense, but in determining whether policy ambiguity exists courts should consider "whether alternative or more precise language, if used, would have put the matter beyond reasonable question."  Meyer v. CUNA Mut. Ins. Soc., 648 F.3d 154, 165 (3d

Cir. 2011), quoting Vlastos v. Sumitomo Marine & Fire Ins. Co. (Europe) Ltd., 707 F.2d 775,

778 (3d Cir. 1983).

25.     Here, plaintiff insurer could have, but did not, draft a policy provision which

excluded, by plain, specific and unambiguous language, claims arising from the on premises

illegal commercial sexual activity of third parties.  For example, the Nautilus policy could have

provided:

> "This insurance does not apply to claims, including claims for
> negligence, arising from actual or alleged illegal commercial
> sexual activity, including, but not limited to, prostitution and/or sex
> trafficking occurring on the Insured's hotel or motel premises."

26.     Moreover, as the Third Circuit Court of Appeals has explained, under

Pennsylvania law "the proper focus for determining issues of insurance coverage is the

reasonable expectations of the insured."  Reliance Ins. Co. v. Moessner, 121 F.3d 895, 903 (3d

Cir. 1997).

27.     For motel and hotel insureds, such as defendants, the illegal sexual activity of

third parties, such as the use of hotel or motel rooms for acts of illegal commercial sex, is an

ever-present risk, well known to both insureds and insurers.

28.     Operators of hotels and motels could not reasonably be expected to anticipate that

the Nautilus exclusion for "assault and battery" would be expanded beyond claims arising from

such things as fights and shootings, which would be within the "plain and ordinary" meaning of

its terms, to alleged negligence in connection with illegal commercial sex, as here, not

unambiguously alleged to be accompanied by use of force to cause bodily injury or threat of

force to cause imminent and serious bodily injury.

29.     The averments of G.D. and N.Z.'s operative amended complaints, including as to

being treated "aggressively" and being exploited by drug use are clearly not free from "doubt or

ambiguity," as to whether either was ever coerced into acts of illegal commercial sex as a result

of coercion by force causing "bodily injury," or by menace of force "to put another in fear of

imminent serious bodily injury," within the "plain and ordinary" meaning of the terms used in

the relied upon exclusion.

30.     It is thus respectfully submitted that under controlling Pennsylvania law, the

relied upon assault and battery exclusion could <u>only</u> reasonably be construed as inapplicable at

this juncture.

31.     But, even if the contrary interpretation were also reasonable, under Pennsylvania

law, recently reiterated by its Supreme Court in <u>Moore</u>, the exclusion would be "ambiguous" and

"must be resolved in favor of coverage."  <u>Moore</u>, <u>supra</u>, at 265.

III.     **<u>THE CONTINUED FURNISHING OF A DEFENSE BY NAUTILUS TO
DEFENDANT INSUREDS ON THE CLAIMS OF G.D. AND N.Z. IS NOT
CONTRARY TO PUBLIC POLICY.  TO THE CONTRARY, THE DENIAL AND
WITHDRAWAL OF THAT DEFENSE WOULD BE CONTRARY TO PUBLIC
POLICY.</u>**

32.     In its First Amended Complaint's public policy argument, plaintiff insurer

contends, clearly incorrectly, that its defendant insureds can only be liable to the underlying

plaintiffs if found to have violated the Human Trafficking Statute based on allegedly renting

rooms to an individual they knew to be engaged in sex trafficking.  (<u>See</u>, <u>e.g.</u>, paragraphs 61, 64,

129 of First Amended Complaint for Declaratory Judgment.)

33.     But underlying plaintiffs undeniably also assert negligence claims against

defendant insureds, as to which their potential liability, in the complete absence of such actual

knowledge, cannot be foreclosed at this juncture.

34.     More specifically, Counts VI, IX and XII of the operative underlying complaints

of G.D. and N.Z. against defendant insureds are not premised in any sense on liability under the

elements of the Human Trafficking Statute.

-8-

35.     To the contrary, those three counts seek liability, which cannot be foreclosed at this juncture, on common law negligence claims, based on grounds including defendant insureds' mere lack of knowledge and/or awareness of sexual trafficking.

36.     Those "lack of awareness" claims include allegedly "failing to detect and respond to commercial sex activity and human sex trafficking at the Neshaminy Inn," failing to "adequately control access" to the premises; failure to provide "protocols," "policies," and "guidelines" and failing to "utilize" and "maintain" "surveillance equipment" (paragraph 158 of the underlying amended complaints).

37.     At this juncture, the "possibility" of liability of defendant insureds cannot be foreclosed in the absence of any such actual knowledge either that their motel rooms were being used by underlying plaintiffs for illegal commercial sex, or that those rooms were being rented to an individual engaging in sex trafficking.

38.     Pennsylvania has no public policy that precludes an insurer from furnishing a defense where the potential liability of its insureds cannot be foreclosed based on such negligence and lack of awareness of third party criminality, even where, as here, claims against insureds involve acts of third parties of sexual abuse.  See, e.g., Board of Public Education of School District of Pittsburgh v. National Union Fire Ins. Co. of Pittsburgh, PA, 709 A.2d 910 (Pa. Super. 1998).

39.     In contrast, and to the contrary, Pennsylvania does have a strong public interest in favor of providing insurance coverage, as here, within the reasonable expectation of its insureds.

40.     More specifically, under the law of Pennsylvania, as its Supreme Court has explained, "when a provision in the policy is ambiguous, the policy is to be construed in favor of the insured to further the contract's prime purpose of indemnification and against the insurer, as the insurer drafts the policy and controls coverage."  Donegal Mut. Ins. Co. v. Bauhammers, 938

-9-

A.2d 286, 290 (Pa. 2007), quoting Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co., 908 A.2d 888, 897 (Pa. 2006).

41.     Moreover, as recently reiterated, under the law of Pennsylvania, also explained by its Supreme Court in Erie Ins. Exchange v. Moore, 228 A.3d at 267 (Pa. 2020), there is a recognized public interest against depriving insureds of coverage where doing so, as here, would also "unnecessarily withhold compensation to tort victims," such as underlying plaintiffs and co-defendants G.D. and N.Z.

42.     The continuation by plaintiff insurer of the defense to defendant insureds, which it is now providing, is not contrary to Pennsylvania public policy.

43.     To the contrary, the denial and withdrawal of a defense to defendant insureds on the G.D. and N.Z.'s claims would be contrary to Pennsylvania public policy.

    WHEREFORE, defendant insureds Motel Management Services, Inc., d/b/a Neshaminy Inn, The Mary Etzrodt Trust and NI45, LLC respectfully request that this Honorable Court grant their motion for judgment on the pleadings and enter the attached proposed order granting judgment in favor of defendant insureds and against plaintiff Nautilus Insurance Company, declaring that Nautilus Insurance Company is obligated to provide a defense to said defendants with respect to the claims made in the operative amended complaints in the underlying actions of G.D. v. Knights Inn of Trevose, et al., and N. Z. v. Knights Inn of Trevose, et al., in the Philadelphia Court of Common Pleas at Nos. 1912-02631 and 1912-02642.

Respectfully submitted,

Date:  September 22, 2020

_/s/ Jeffrey R. Lerman_

Jeffrey R. Lerman, Esquire
Glenn F. Rosenblum, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
1735 Market Street, 19th Floor
Philadelphia, PA  19103
(215) 772-1500 (telephone)
(215) 772-7620 (facsimile)

*Attorneys for Defendants*
*Motel Management Services, Inc. d/b/a Neshaminy Inn,*
*The Mary Etzrodt Trust and NI45, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 22, 2020, one true and correct copy of the foregoing

**Motion For Judgment On The Pleadings Of Defendants Motel Management Services, Inc.,**

**d/b/a Neshaminy Inn, The Mary Etzrodt Trust and NI45, LLC** will be served via the court's

electronic filing system upon:

> Anthony L. Miscioscia, Esquire
> Konrad Krebs, Esquire
> Justin K. Fortescue, Esquire
> White & Williams LLP
> 1650 Market Street, Suite 1800
> Philadelphia, PA  19103
>
> Nadeem A. Bezar, Esquire
> Emily Marks, Esquire
> Kline & Specter, P.C.
> 1525 Locust Street
> Philadelphia, PA  19102

Date:  September 22, 2020                    */s/ Glenn F. Rosenblum*

                                                             Glenn F. Rosenblum