UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>MOTEL MANAGEMENT SERVICES INC.<br>d/b/a NESHAMINY INN, *et al.*,<br><br>　　　　Defendants | Civil Action No. 2:20-cv-1607-CMR |

**NAUTILUS INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Nautilus Insurance Company ("Nautilus") by and through its attorneys, White & Williams LLP, hereby responds to defendants Motel Management Services, Inc. d/b/a Neshaminy Inn, The Mary Etzrodt Real Estate Trust, and NI45's ("Motel Management Defendants) motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), and in opposition thereto, responds as follows:

　　1.　　Admitted in part and denied in part.  It is admitted only that this action (involving two underlying actions (1) *G.D. v. Knights Inn of Trevose, et al.*, Court of Common Pleas, Philadelphia County, Pennsylvania, No. 191202631, and (2) *N.Z. v. v. Knights Inn of Trevose, et al.*, Court of Common Pleas, Philadelphia County, Pennsylvania, No. 191202642 (collectively, "Underlying Actions")) is one of two insurance coverage declaratory judgment actions now pending between Nautilus and the Motel Management Defendants (the other action being *Nautilus Ins. Co. v. Motel Management Services, Inc. d/b/a Neshaminy Inn et al.*, No.2:20-cv-00289, United State District Court for the Eastern District of Pennsylvania and involving an underlying action captioned as *E.B. v. Motel 6 Operating L.P. et al.*, Court of Common Please, Philadelphia County, No. 1705-0487).  It is denied

that either of the insurance coverage declaratory judgment actions arise from the claims of a prostitute. G.D. and N.Z. (as well as E.B.) have never alleged that they were prostitutes. They have alleged that they were victims of human sex trafficking and were subjected to sexual servitude. (*See* Exs. A and B to Nautilus' Motion for Judgment on the Pleadings, Doc. 31-1 and 31-2, at ¶¶ 9, 77, 78, 124.) This Court's analysis is constrained to the factual allegations actually contained in G.D. and N.Z's Complaints, not the Motel Management Defendants' interpretation of those facts. *Mutual Ben. Ins. Co. v. Haver*, 725 A.2d 743, 745 (Pa. 1999).

2. Admitted in part and denied in part. It is admitted only that there is a declaratory judgment action involving the underlying plaintiff E.B. pending before the Honorable Judge Petrese B. Tucker and that cross-motions for judgment on the pleadings were filed in that case on June 5, 2020. The remaining averments are denied as conclusions of law to which no response is required.

3. Denied as a conclusion of law to which no response is required.

4. Denied as stated. The Complaints are writings that speak for themselves.

5. Denied as stated. Nautilus' Complaints for Declaratory Judgment are writings that speak for themselves. By way of further answer, the All Assault Or Battery exclusion in the Nautilus policies precludes coverage for the Motel Management Defendants with respect to all three of the underlying actions. Coverage for the Motel Management Defendants is also precluded by public policy.

6. Denied as stated. Nautilus' Complaints for Declaratory Judgment and all other pleadings, including Motel Management Defendants' responses, are writing that speak for themselves.

7. Denied as a conclusion of law to which no response is required.

8.       Denied as a conclusion of law to which no response is required. By way of further answer, G.D. and N.Z.'s Complaints allege that G.D. and N.Z. were assaulted and subject to sexual servitude and thus fall within the "plain and ordinary" meaning of the term "assault and battery." Thus, coverage for the Motel Management Defendants is precluded by the All Assault Or Battery exclusion in the Nautilus Policies.

9.       It is admitted only that Nautilus filed a First Amended Complaint for Declaratory Judgment, which is a writing and speaks for itself. It is also admitted that G.D. and N.Z. filed Second Amended Complaints in the Underlying Actions, which are also writings that speak for themselves.

10.      Denied as stated. Nautilus' Declaratory Judgment Complaint and G.D. and N.Z's Complaints are all writings that speak for themselves.

11.      Denied as a conclusion of law to which no response is required. By way of further answer, it is denied that G.D. and N.Z. do not allege that were the subject of an assault or battery within the plain and ordinary meaning of those terms. G.D. and N.Z both allege that they were the subject of numerous assaults and batteries under the plain and ordinary meaning of those terms. The plain and ordinary meaning of "battery" is a touching without consent; whereas "assault", is an act which is intended to and succeeds in placing an individual in imminent apprehension of a battery. *See e.g.*, *Kobrick v. Stevens, et al.*, Civ. No. 3:13-CV-2865, 2017 U.S. Dist. LEXIS 141694 (Sept. 1, 2017) ("Pennsylvania law defines battery as an intentional 'harmful or offensive contact with the person of another.' Assault, by contrast, is an act which is intended to and succeeds in placing an individual in imminent apprehension of a battery. Touching without consent is always offensive, and, in such circumstances, no intent to harm or actual injury need be established.") (internal citations omitted); *Conway v. A.I. DuPont Hosp. for Children*, No. 04-4862, 2009 U.S. Dist. LEXIS 896, at *44 n.19 (E.D. Pa. Jan. 6, 2009) ("The focus of an inquiry into the tort of battery is whether an unconsented-to

touching occurred.) G.D. (a minor) and N.Z. both allege that they were touched when they were subjected to sexual servitude at the hands of their trafficker. Both G.D. and N.Z. also allege that they were sexually assaulted and exploited, visibly treated in an aggressive manner, experienced fear and anxiety, that they sustained "physical harm" and emotional distress because of the illegal contact and that they were each the victim of "violent crime." (*See* Doc. 31-1 and 31-2 at ¶¶ 77, 78, 124, 157, 195.) Thus, and as the Pennsylvania Legislature has determined, the "touchings" that took place as part of G.D.'s (a minor) and N.Z.'s sexual servitude were assaults and batteries to which neither G.D. nor N.Z. could consent. *See* 18 Pa. C.S.A. § 3051(j)(8). Therefore, the All Assault Or Battery exclusion applies and bars coverage for the underlying matter.

      12.      Denied as a conclusion of law to which no response is required.

      13.      Denied as a conclusion of law to which no response is required.

      14.      Denied as a conclusion of law to which no response is required.

      15.      Denied as a conclusion of law to which no response is required.

      16.      Denied as a conclusion of law to which no response is required.

      17.      Denied as a conclusion of law to which no response is required.

      18.      Denied as a conclusion of law to which no response is required.

      19.      Denied as a conclusion of law to which no response is required.

      20.      Denied as a conclusion of law to which no response is required.

      21.      Denied as a conclusion of law to which no response is required.

      22.      Denied as a conclusion of law to which no response is required. By way of further answer, the Complaints in the Underlying Actions make clear that G.D. and N.Z. allege that they were victims of human sex trafficking at the hands of their trafficker, that they were sexually assaulted and exploited, visibly treated in an aggressive manner, experienced fear and anxiety, that they sustained

"physical harm" and emotional distress because of the illegal contact and that they were each the victim of "violent crime." (*See* Doc. 31-2 and 31-2 at ¶¶ 77, 78, 124, 157, 195.) Thus, G.D. and N.Z. both allege that, as a result of their sexual servitude, they were subjected to numerous "assaults" and/or "batteries" within the "plain and ordinary" meaning of those terms.

23.     Denied as a conclusion of law to which no response is required.  By way of further answer, the Complaints in the Underlying Actions make clear that G.D. and N.Z. allege that they were victims of human sex trafficking at the hands of their trafficker, that they were sexually assaulted and exploited, visibly treated in an aggressive manner, experienced fear and anxiety, that they sustained "physical harm" and emotional distress because of the illegal contact and that they were each the victim of "violent crime." (*See* Doc. 31-1 and 31-2 at ¶¶ 77, 78, 124, 157, 195.) Thus, G.D. and N.Z. both allege that, as a result of their sexual servitude, they were subjected to numerous "assaults" and/or "batteries" within the "plain and ordinary" meaning of those terms.

24.     Denied as a conclusion of law to which no response is required.

25.     Denied as stated.  This argument is nothing but a red herring.  The language of the All Assault Or Battery exclusion, in "plain, specific and unambiguous language", clearly excludes "all" "assaults" and "batteries."  G.D. and N.Z.'s Complaint both allege assaults and batteries and therefore the exclusion applies to preclude coverage.  A provision which excludes "all" assaults and batteries excludes, for example, assaults with a firearm and it is no answer to argue that the exclusion does not specifically say "assaults with firearms."  Nautilus' All Assault Or Battery exclusion precludes coverage for "all" assaults and "all" batteries, precisely what G.D. and N.Z. allege in their Complaints. Insurance companies cannot write exclusions that describe every possible circumstance that may arise.  Thus, insurers are permitted to draft exclusions based on language which is commonly understood – such as the terms "all," "assault" and "battery" – to exclude a broad subset of

circumstances from coverage, such as the situation here, where G.D. and N.Z allege they were subjected to involuntary sexual servitude and were injured as a result.

26. Denied as a conclusion of law to which no response is required.

27. Denied. Nautilus is not sure what Defendants mean by "ever-present risk" as that term is not defined nor explained; as such Nautilus denies this as a conclusion of law to which no response is required. By way of further answer, to the extent that this allegation refers to the alleged knowledge of persons or entities other than Nautilus, Nautilus is without knowledge or information sufficient to form a belief as to the truth concerning other parties' alleged knowledge. Further, Nautilus denies that, when it insured this risk, it knew that sex trafficking was occurring, or was likely to occur at the Motel Management Defendants' property. Nautilus is without knowledge or belief as to whether the Motel Management Defendants knew, when they applied for coverage with Nautilus, that they were engaging in sex trafficking and/or that sex trafficking was an "ever-present risk" at their property. However, the fact that the Motel Management Defendants admit that they were aware of the "ever-present risk" of commercial sex trafficking taking place on its premises and yet, allegedly did nothing to stop it and financially profited from it, further demonstrates why public policy precludes coverage.

28. Denied. It is specifically denied that "operators of hotels and motels could not reasonably be expected to anticipate that the Nautilus exclusion for "All Assault Or Battery" would be expanded beyond claims arising from such things as fights and shootings . . . to alleged negligence in connection with illegal commercial sex . . . not unambiguously alleged to be accompanied by use of force to cause bodily injury or threat of force to cause imminent and serious bodily injury." As set out above, as well as in Nautilus' Complaint for Declaratory Judgment and its Motion for Judgment on the Pleadings, this case is not about "illegal commercial sex," it is about the involuntary, criminal

sexual servitude of G.D. (a minor) and N.Z. and the physical and emotional injuries they suffered as a result.  And, contrary to the characterizations of the Motel Management Defendants, G.D.'s and N.Z.'s Complaints do include allegations of force.  Both G.D. and N.Z. allege that they were victims of human sex trafficking at the hands of their trafficker, that they were sexually assaulted and exploited, visibly treated in an aggressive manner, experienced fear and anxiety, that they sustained "physical harm" and emotional distress because of the illegal contact and that they were each the victim of "violent crime."  (*See* Doc. 31-1 and 31-2 at ¶¶ 77, 78, 124, 157, 195.)  No reasonable person could think that someone like G.D (a minor) or N.Z., who were both victims of sex trafficking and who could by law not consent to such conduct, were not subjected to assault or battery by the men who engaged in commercial sex acts with them.

    29.  Denied.  It is specifically denied that G.D.'s and N.Z.'s Complaints are not free from "doubt or ambiguity" that both G.D. and N.Z was coerced into sexual servitude as a result of force or menace of force as both G.D.'s and N.Z.'s Complaints allege numerous instances of both assaults and batteries.  Both G.D. and N.Z. allege that they were sexually assaulted and exploited, visibly treated in an aggressive manner, experienced fear and anxiety, that they sustained "physical harm" and emotional distress because of the illegal contact and that they were each the victim of "violent crime."  (*See* Doc. 31-1 and 31-2 at ¶¶ 77, 78, 124, 157, 195.)  Thus, and as the Pennsylvania Legislature has determined, the "touchings" that took place as part of G.D.'s (a minor) and N.Z.'s sexual servitude were assaults and batteries to which neither G.D. nor N.Z. could consent.  *See* 18 Pa. C.S.A. § 3051(j)(8).  Therefore, the All Assault Or Battery exclusion applies and bars coverage for the underlying matter.

30. Denied. As G.D.'s and N.Z.'s Complaints allege numerous instances of assault and battery, the All Assault Or Battery exclusion applies to preclude coverage for the Motel Management Defendants with respect to the Underlying Actions.

31. Denied as a conclusion of law to which no response is required. By way of further answer, the All Assault Or Battery exclusion is not ambiguous and clearly applies to preclude coverage for the Motel Management Defendants with respect to the Underlying Actions.

32. Denied. Nautilus' Complaint is a writing that speaks for itself. By way of further answer, the Motel Management Defendants' characterization of Nautilus' public policy argument is denied.

33-34. Admitted in part and denied in part. It is admitted that G.D.'s and N.Z.'s Complaints include counts of negligence, negligent infliction of emotional distress and negligent hiring, training and/or supervision. It is denied that those counts "are not premised in any sense on liability under the elements of the Human Trafficking Statute." On the contrary, those negligence counts against the Motel Management Defendants incorporate all of the preceding averments by reference. *See* Nautilus Motion for Judgment on the Pleadings, (Doc. 31-1 and 31-2 at ¶¶ 152, 177, 190.) Therefore, the negligence counts incorporate the allegations that the Motel Management Defendants, by and through their employees, were "uniquely positioned to observe the manifestations, indications and evincement of human sex trafficking within the Neshaminy Inn where they worked." (*Id.* at ¶ 51.) The negligence counts incorporate the averment that the Motel Management Defendants "rented rooms to sex traffickers financially benefitting from the commercial sex acts occurring on the premises of the Neshaminy Inn Hotel," and that the Motel Management Defendants "have been on notice of repeated incidences of criminal activity, including sex trafficking . . . but failed to take the necessary steps to prevent sex trafficking." (*Id.* at ¶¶ 54, 60 66.) The negligence counts incorporate the averment that

8

the Motel Management Defendants allegedly "failed to prevent human sex trafficking at the Neshaminy Inn Motel . . . and instead permitted heinous and unspeakable acts to occur." (*Id.* at ¶ 54.) The negligence counts incorporate the averment that the Motel Management Defendants "failed to report to authorities, intervene, disrupt or otherwise stop the human sex trafficking" and instead, allegedly knowingly rented rooms to G.D.'s and N.Z.'s sex trafficker even though they knew G.D. and N.Z. were being sexually exploited. (*Id.* at ¶¶ 54, 107, 110.) Accordingly, all the counts against the Motel Management Defendants in the Underlying Actions are based on allegations which constitute criminal violations of the Pennsylvania Human Trafficking Law. The Motel Management Defendants cannot escape the fact that G.D. and N.Z. elected to incorporate all of the preceding averments of reprehensible criminal conduct into the later counts involving negligence. Even though the Complaints include counts involving negligence, it is clear that what the Motel Management Defendants were alleged to have done is both criminal and reprehensible. The Motel Management Defendants cannot select the portions of the Complaints which are favorable to them and ignore the rest.

35. Denied. G.D. and N.Z.'s Complaints are writings which speak for themselves. By way of further answer, it is denied that G.D. and/or N.Z.'s Complaint based their negligence claims on "mere lack of and/or awareness of sexual trafficking." Rather, G.D.'s and N.Z's negligence counts are based on actual or constructive knowledge. (*See id.* at ¶ 156.) Indeed, G.D. and N.Z. both allege, as part of their negligence counts that the Motel Management Defendants "acted outrageously and in reckless disregard for the health and welfare of [G.D. and N.Z.] warranting the imposition of punitive damages." (*Id.* at ¶¶162; 179; 196.)

36-37. Denied. G.D. and N.Z.'s Complaints are writings which speak for themselves. By way of further answer, it is denied that G.D.'s or N.Z.'s Complaints plead "lack of awareness."

9

Rather, they plead that the Motel Management Defendants had actual knowledge or constructive knowledge of the human trafficking taking place on the premises. (*See id.* at ¶ 54, 60, 66, 107, 110 156.) Constructive knowledge is "knowledge that one using reasonable care or diligence should have, and therefore that is attributed by law to a given person. *Gleeson v. State Bd. of Medicine*, 900 A.2d 430 (Pa. Cmwlth. 2005). If reasonable care or diligence on the part of the Motel Management Defendants would have discovered what was occurring on its premises, public policy should not reward the company with insurance for turning a blind eye since the purpose of the statute is to end human sex trafficking.

38. Denied. G.D.'s and N.Z.'s Complaints are writings which speak for themselves. By way of further answer, it is denied that G.D.'s or N.Z.'s Complaints plead "lack of awareness." Rather, they plead that the Motel Management Defendants had actual knowledge or constructive knowledge of the human trafficking taking place on the premises. (*See id.* at ¶¶ 54, 60, 66, 107, 110 156.) Constructive knowledge is "knowledge that one using reasonable care or diligence should have, and therefore that is attributed by law to a given person. *Gleeson v. State Bd. of Medicine*, 900 A.2d 430 (Pa. Cmwlth. 2005). If reasonable care or diligence on the part of the Motel Management Defendants would have discovered what was occurring on its premises, public policy should not reward the company with insurance for turning a blind eye since the purpose of the statute is to end human sex trafficking.

39. Denied as a conclusion of law to which no response is required. By way of further answer, Nautilus is without knowledge or information sufficient to form a belief as to the truth concerning other parties' alleged expectations of coverage. Further, that the Motel Management Defendants allegedly "reasonably expected" insurance coverage for claims that they had actual or constructive knowledge of human sex trafficking, that they did nothing to prevent said human sex

trafficking and that, as a result, individuals on premises (including G.D. and N.Z.) would be subjected to sexual servitude and suffer physical and emotional injury, is precisely the reason public policy precludes coverage.

40.  Denied as a conclusion of law to which no response is required.  By way of further answer, the All Assault Or Battery exclusion is not ambiguous and plainly excludes coverage for the Motel Management Defendants with respect to the Underlying Actions.

41.  Denied as a conclusion of law to which no response is required.  By way of further answer, it is denied that there is an important public policy interest against denying the Motel Management Defendants insurance coverage because it would "unnecessarily withhold compensation [to G.D. and N.Z.]."  This is hardly an overriding public policy concern as it is an argument that is available in every case where public policy concerns are raised, and yet there are instances, such as this one, where providing insurance coverage would be against the public policy of Pennsylvania. *See e.g.*, *Minnesota Fire & Cas. Co. v. Greenfield*, 855 A.2d 854, 868 (Pa. 2004).  There is ample evidence that hotels have long known about the issue of human trafficking and the signs thereof, and yet they have done nothing to stop it until victims began filing lawsuits and the hotels were therefore faced with the prospect of settlements that "could run into the billions of dollars."  Andrew Welsh-Huggins, Human Trafficking Lawsuits Allege Hotels Ignored Problems, ABC News (Dec. 19, 2019), https://abcnews.go.com/Business/wireStory/lawsuits-allege-hotel-chains-human-trafficking-67820401 (last visited October 20, 2020). The hotel and motel industry is now, finally, taking steps to prevent and end human sex trafficking, but much of the incentive for doing so disappears if insureds are called upon to pay for the damage caused.

42-43.  Denied as a conclusion of law to which no response is required.  By way of further answer, it would be contrary to public policy to provide coverage to Motel Management Defendants

for claims that allege they had actual or constructive knowledge of human sex trafficking, that they did nothing to prevent said human sex trafficking and that, as a result, individuals on premises (including G.D. and N.Z.) were subjected to sexual servitude and suffered physical and emotional injury.

**WHEREFORE**, Nautilus Insurance Company respectfully requests that this Honorable Court deny the Motel Management Defendants' motion for judgment on the pleadings and that the Court grant Nautilus' motion for judgment on the pleadings.

                                              **WHITE AND WILLIAMS LLP**

Dated: October 20, 2020        BY:    *Anthony L. Miscioscia*
                                                        Anthony L. Miscioscia (PA ID # 69215)
                                                        Justin Fortescue (PA ID # 203999)
                                                        1650 Market Street, Suite 1800 Philadelphia, PA 19103-7395
                                                        (215) 864 6356/6823
                                                         *Attorneys for Plaintiff,*
                                                         *Nautilus Insurance Company*