**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MOTEL MANAGEMENT SERVICES, INC., | : | CIVIL ACTION |
| d/b/a NESHAMINY INN | : | |
| and | : | |
| MARY ETZRODT TRUST | : | NO. 20-CV-01607 |
| and | : | |
| NI45, LLC | : | |
| and | : | |
| G.D. | : | |
| and | : | |
| N.Z. | : | |
| | : | |
| Defendants. | : | |

## O R D E R

AND NOW, this _____ day of _____, 2020, upon consideration of the Motion for Judgment on the Pleadings of Plaintiff, Nautilus Insurance Company, and any responses thereto, it is hereby ORDERED AND DECREED that said motion is DENIED.

BY THE COURT:

_____
                                                                    J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MOTEL MANAGEMENT SERVICES, INC., | : | CIVIL ACTION |
| d/b/a NESHAMINY INN | : | |
| and | : | |
| MARY ETZRODT TRUST | : | NO. 20-CV-01607 |
| and | : | |
| NI45, LLC | : | |
| and | : | |
| G.D. | : | |
| and | : | |
| N.Z. | : | |
| | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANTS MOTEL MANAGEMENT SERVICES, INC.,
D/B/A NESHAMINY INN, THE MARY ETZRODT TRUST
AND NI45, LLC (THE "DEFENDANT INSUREDS")
TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

1.      Admitted, except to the extent that this paragraph of plaintiff insurer's motion suggests that all claims for liability of defendant insureds in the underlying cases are premised on, and subject to, the legal requirements of the one, of four, underlying counts, premised on liability under the Pennsylvania Human Trafficking Statute.  This is an egregiously baseless contention underlying the plaintiff insurer's motion for judgment on the pleadings, as explained below.

2.      Admitted.

3.      Admitted.

4.      Denied.

5.      Denied as stated.  Admitted only that as the underlying plaintiffs' allegations currently relate solely to failure to prevent sexual trafficking occurring during the month of January 2015, absent contention or evidence to the contrary, the only applicable Nautilus policy would be number NN433648, with a policy period of September 1, 2014 through September 1, 2015.

6-10.   Admitted.

11.     Admitted.  By way of further answer, it is this magnitude of the problem of sexual trafficking in hotels and motels, where "the biggest problem is lack of awareness - hotel staff and guests don't recognize that trafficking is happening, or how to recognize the signs" that makes this declaratory judgment action one with broad public interest implications.

This is so for both victims of sexual trafficking, and for this Commonwealth's hospitality industry, whose hotel and motel operators have purchased liability insurance coverage, which they had every reasonable expectation would provide coverage for claims, as here, which include alleged negligence in failing to have appropriate policies and procedures in place to detect prostitution and alleged sexual trafficking.

12-13.  Admitted.

14.     Admitted.  By way of further answer, neither the quoted language of the underlying complaints, nor other factual averments therein, unambiguously allege assaultive violence within the plain and ordinary meaning of the terms of plaintiff insurer's relied upon Assault and Battery exclusion.  This is so as, among other reasons, the quoted factual averments from the underlying complaints, and other underlying factual averments pled, not only are general and conclusory, but also attribute the underlying plaintiffs' prostitution to being "recruited, enticed" or "solicited" as a result of psychological manipulation, including being "enticed" by alcohol and drugs.

-2-

15.     Admitted.

16-19.  Admitted.  By way of further answer, the specific quoted averments of G.D. and N.Z., including their being "treated in an aggressive manner," and being exploited through alcohol and drug use, are not, as this Commonwealth's Supreme Court recently made clear is required, free from "doubt or ambiguity" as to whether either, both or neither underlying plaintiff ever engaged in any acts of commercial sex as a result of either assaultive violence or threat of imminent serious bodily injury, within the "plain and ordinary" meaning of the term "assault" used in the relied upon "Assault And Battery" exclusion.

20-25.  Admitted.

26.     Denied.  To the contrary, under Pennsylvania law, recently explained by this Commonwealth's Supreme Court (Erie Ins. Exchange v. Moore, 228 A.3d 258 (Pa. 2020)), Nautilus has a duty to defend and/or indemnify its insureds until and unless the claims of the underlying complaints are "narrowed" to claims "patently outside the policy coverage," and, "any doubt or ambiguity" no longer exists as to, among other things, whether, and if so, to what extent, the acts of prostitution were the result of the coercion of force or threat of force, within the "plain and ordinary" meaning of the terms "assault" and "battery," used by plaintiff insurer in its relied upon policy exclusion.

27.     Denied as stated.  To the extent that by the quoted language of this paragraph plaintiff insurer contends that all of the claims of underlying plaintiffs allege, or require proof, that defendant insureds rented rooms to an individual they knew to be engaged in sex trafficking, denied.

To the contrary, this is an egregious misdescription of the underlying claims as the underlying complaints are to the direct contrary, as they explicitly allege that, in the alternative, defendant insureds "failed to recognize that Plaintiff was being sex trafficked" (underlying

amended complaints at paragraph 99).  By way of further answer, under the underlying common law negligence claims defendant insureds' potential liability, in the explicitly alleged absence of such actual knowledge of sexual trafficking, cannot be foreclosed at this juncture.

28-32.  Denied as stated.  Admitted that, in standard pleading format, each of the successive counts of the underlying plaintiffs' complaints incorporate by reference all prior paragraphs.  Denied that such incorporation makes the elements required for liability under the trafficking statute, sought in a single count, applicable to the three counts against defendant insureds seeking liability based on common law negligence.

By way of further answer, Counts (VI), (IX) and (XII) of the underlying complaints against defendant insureds are not premised in any sense on liability under, or the elements of, the Human Trafficking Statute.  To the contrary, those three counts seek liability, which cannot be foreclosed at this juncture, on common law negligence claims, based on grounds including defendant insureds' lack of knowledge and/or awareness of sexual trafficking, including by allegedly "failing to detect and respond to commercial sex activity and human sex trafficking at the Neshaminy Inn" and failing to "utilize" and "maintain" "surveillance equipment" (paragraph 158 of the underlying amended complaints) (emphasis added).

33.    Denied as stated.  This paragraph quotes incompletely one of the underlying general and conclusory averments, of plaintiffs being "enticed" and "recruited" into prostitution, which averments also include being "treated in an aggressive manner."  By way of further answer, neither the quoted averments, nor others of the underlying plaintiffs, are free from "doubt or ambiguity" as to whether either, both or neither ever engaged in any acts of commercial sex as a result of assaultive violence, or threat thereof, within the "plain and ordinary" meaning of the terms used in the relied upon "Assault and Battery" exclusion.

-4-

34-37.  Denied as stated.  To the contrary, plaintiff insurer's repeated contention is plainly incorrect that the underlying plaintiffs' complaints' incorporation in subsequent counts of preceding paragraphs renders all of their claims dependent upon the legal elements for civil liability of the trafficking statute, as to which underlying plaintiffs seek liability on only one of the multiple counts against defendant insureds.  By way of further answer, that incorporation is nothing more than standard format pleading used in virtually all multi-count complaints.

More specifically, Counts VI, IX and XII of the underlying plaintiffs' claims against the defendant insureds are common law negligence claims which, as co-defendant and underlying plaintiffs correctly explain, are entirely "separate and distinct" from any claim under the Pennsylvania Human Trafficking Statute.  Answer and Affirmative Defenses of G.D. and N.Z. to the Plaintiff's first amended complaint for declaratory judgment at paragraphs 64, 65, 69-71.

38.     Admitted.

39-46.  Admitted.

47.     Admitted, except that plaintiff insurer is not entitled to judgment as a matter of law or otherwise.

48.     Admitted.

49.     Admitted, except that, in all of its moving motion papers, plaintiff insurer omits any reference to, or discussion of, the standards under Pennsylvania law which govern the comparison of the underlying allegations with the policy terms for duty to defend purposes, including, but not limited to:

(i)     in determining whether a duty to defend exists the factual allegations of the underlying complaint against the insured are to be taken as true, and liberally construed in favor of the insured; (Am. and Foreign Ins. Co. v. Jerry's Sport Center, Inc., 2 A.3d 526, 541 (Pa. 2010));

-5-

(ii)    "an insurer has a duty to defend if there is any possibility that its coverage has been triggered by allegations in the underlying complaint;"  (Ramara v. Westfield Ins. Co., 814 F.3d 660, 674 (3d Cir. 2016)) and

(iii)   to the extent that there is any "doubt or ambiguity" or "undetermined facts that might impact on coverage" under the averments of the underlying complaint, they must be "resolved in favor of coverage" with the duty to defend continuing "until the claim is narrowed to one patently outside the policy coverage."  (Erie Ins. Exchange v. Moore, 228 A.3d 258, 265 (Pa. 2020)).

50-52.  Admitted, except that plaintiff insurer ignores in these paragraphs, as it does, throughout the entirety of its moving motion papers, the governing standards under Pennsylvania law which must be used in construing the terms of a policy exclusion for duty to defend purposes, including, but not limited to:

(i)     "when words of common usage are used in an insurance policy, they should be construed in their natural, plain and ordinary sense;"  (Meyer v. CUNA Mut. Ins. Soc., 648 F.3d 154, 164 (3d Cir. 2011))

(ii)    an insurer seeking to avoid the duty to defend based on a policy's exclusion must show that the only reasonable interpretation of the language of the exclusion, consistent with the plain and ordinary meaning of the policy's terms, is preclusive of coverage; (Meyer, supra, at 163-165)

(iii)   in the court's determination of whether policy ambiguity exists, and thus requires construction in favor of coverage, consideration should be given to "whether alternative or more precise language, if used, would have put the matter beyond reasonable question;" (Meyer, supra, at 165 quoting Vlastos v. Sumitomo Marine & Fire Ins. Co. (Europe) Ltd., 707 F.2d 775, 778 (3d Cir. 1983)).

-6-

(iv)     as the Third Circuit Court of Appeals has explained, under Pennsylvania law "the proper focus for determining issues of insurance coverage is the reasonable expectations of the insured"; (Reliance Ins Co. v Moessner, 121 F.3d 895, 903 (3d Cir. 1997)) and

(v)      an insurance policy must always be interpreted in light of the nature of the policyholder's business and the insurance purchased to protect that business.  See J.H. France Refractories Co. v. Allstate Ins. Co., 578 A.2d 468, 476 (Pa. Super. 1990), aff'd in part, rev'd in part, 626 A.2d 502 (Pa. 1993).

53.     Admitted.

54.     Denied.

55.     Denied.

56-57.  Denied as stated.  Admitted only that as the underlying plaintiffs' allegations currently relate solely to failure to prevent sexual trafficking occurring during the month of January 2015, absent contention or evidence to the contrary, the only applicable Nautilus policy would be number NN433648, with a policy period of September 1, 2014 through September 1, 2015.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Admitted.

62.     Denied as stated.  By way of further answer, not only in this paragraph, but in the entirety of its moving motion papers, plaintiff insurer omits any reference to, or discussion of, the "plain and ordinary" meaning of the term "assault" used in its relied upon exclusion.

5339287v2

63      Denied.  To the contrary, the averments of the underlying plaintiffs' complaints, which must be construed liberally in favor of coverage, are not free from "doubt or ambiguity," or "undetermined facts that might impact on coverage," as to whether either, both or neither were "assaulted," within the "plain and ordinary meaning" of the term "assault" used in the relied upon exclusion.

By way of further answer, this is so for reasons including that:

(i)      this paragraph, and the entirety of plaintiff insurer's moving motion papers, not only fail to provide any definition, or alleged commonly understood meaning, of the term "assault," but also ignore that this Court, and Third Circuit Court of Appeals, have defined the term "assault," for policy exclusion purposes, as an attempt "to cause or intentionally or recklessly" cause "bodily injury to another" or an attempt "by physical menace to put another in fear of imminent serious bodily injury;" (Liberty Surplus Ins. Corp. v. McFaddens at Ballpark LLC, 116 F.Supp.3d 447, 458 (E.D. Pa. 2015), quoting Essex Ins. Co. v. Starlight Mgmt. Co., 198 Fed. Appx. 179, 183 (3d Cir. 2006) (quoting 18 Pa. C.S. §2701))

(ii)      the factual averments of the underlying plaintiffs' complaints describe generally and in a conclusory manner "being treated in an aggressive manner," and being "enticed" and "recruited" by alcohol and drug exploitation, and lack specific, unambiguous factual averments of assaultive violence, or threats thereof, within the meaning of the terms "assault" and "battery" used in the involved policy exclusion; and

(iii)      plaintiff insurer's contention as to the underlying complaint's inclusion of factual averments of "sexual servitude" is incorrect and misleading.  To the contrary, plaintiffs' underlying complaints do not include the term "sexual servitude."  More specifically, "sexual servitude" is an element of the single one, of the multiple, counts against defendant insureds under the Human Trafficking Statute.

-8-

By way of further answer, the underlying claims against defendant insureds for common law negligence include no such requirement for "sexual servitude," and, even as to the single statutory claim, the question of insurance coverage is not determined, under Pennsylvania law, by "the particular cause of action that a complainant pleads" (Mutual Benefit Ins. Co. v. Haver, 725 A.2d 743, 745 (Pa. 1999)) but by "the factual allegations set forth in the complaint". State Farm Fire and Cas. Co. v. A.S., 2016 WL 7451631, *5 (W.D. Pa. Dec. 28, 2016) (citing Haver, supra, at 745).

64-65.  Denied as stated.  By way of further answer, the underlying complaints do not use the term "physical harm," nor the term "violent" crime, in the "operative facts" section of the underlying complaints describing facts and circumstances of their alleged sexual trafficking.  To the contrary, the latter term is used by underlying plaintiffs to refer, generally and in a conclusory manner, to the alleged foreseeable consequences to "persons on the premises" (at paragraph 157), and the former term is referenced, also generally and in a conclusory manner, in the litany of alleged damages, which also include "mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures both in the past and in the future" (at paragraph 195).

66.   Denied.

67.   Denied.

68.   Denied.

69.   Denied.

70.   Denied as stated.  In this paragraph plaintiff insurer misdescribes the claims of the underlying plaintiffs as if all, rather than only one, of their four counts against defendant insureds sought liability under the Human Trafficking Statute.  By way of further answer, plaintiff insurer ignores both the independent nature of the three underlying claims for common law negligence,

and the extent to which those other claims include explicitly contrary factual averments, such as

that defendant insureds did <u>not</u>, as plaintiff insurer states in this paragraph, "knowingly harbor"

G.D. and N.Z., but "failed to recognize that Plaintiff was being sex trafficked" (underlying

amended complaints at paragraph 99).

    71.    Denied.

    72.    Denied.

    WHEREFORE, defendant insureds Motel Management Services, Inc., d/b/a Neshaminy

Inn, The Mary Etzrodt Trust and N145, LLC respectfully submit that the motion for judgment on

the pleadings of plaintiff insurer Nautilus Insurance Company must be denied, and that defendant

insureds' cross-motion for judgment on the pleadings in their favor should be granted.


                                        Respectfully submitted,


Date:  October 20, 2020                  _/s/ Jeffrey R. Lerman_____
                                        Jeffrey R. Lerman, Esquire
                                        Glenn F. Rosenblum, Esquire
                                        Montgomery, McCracken, Walker & Rhoads, LLP
                                        1735 Market Street, 19th Floor
                                        Philadelphia, PA  19103
                                        (215) 772-1500 (telephone)
                                        (215) 772-7620 (facsimile)

                                        *Attorneys for Defendants*
                                        *Motel Management Services, Inc. d/b/a Neshaminy Inn,*
                                        *The Mary Etzrodt Trust and NI45, LLC*

5339287v2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 20, 2020, one true and correct copy of the foregoing

**Answer of Defendants Motel Management Services, Inc., d/b/a Neshaminy Inn, The Mary**

**Etzrodt Trust and NI45, LLC to Plaintiff's Motion for Judgment on the Pleadings** will be

served via the court's electronic filing system upon:

> Anthony L. Miscioscia, Esquire
> Konrad Krebs, Esquire
> Justin K. Fortescue, Esquire
> White & Williams LLP
> 1650 Market Street, Suite 1800
> Philadelphia, PA  19103
>
> Nadeem A. Bezar, Esquire
> Emily Marks, Esquire
> Kline & Specter, P.C.
> 1525 Locust Street
> Philadelphia, PA  19102

Date:  October 20, 2020                          */s/ Glenn F. Rosenblum*
                                                 Glenn F. Rosenblum