UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>　　　　Plaintiff<br><br>　v.<br><br>MOTEL MANAGEMENT SERVICES INC. d/b/a NESHAMINY INN, *et al.*,<br><br>　　　　Defendants | Civil Action No. 2:20-cv-1607-CMR |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff, Nautilus Insurance Company ("Nautilus"), respectfully submits as supplemental authority the July 27, 2021 Order and Memorandum issued by the Honorable Petrese B. Tucker, U.S.D.J., in a related lawsuit captioned *Nautilus Insurance Company v. Motel Management Services, Inc. d/b/a Neshaminy Inn, et al.*, Case No. 20-289 (the "Related Action") (attached hereto as Exhibit A), which directly impacts the present matter. The Related Action and the instant action involve the same parties and seek resolution, via Motions for Judgment on the Pleadings, of the same issues – namely, whether Nautilus is obligated to defend or indemnify Motel Management Services, Inc., d/b/a Neshaminy Inn, The Mary Etzrodt Real Estate Trust and NI45, LLC ("the Motel Management Defendants"), against certain underlying civil actions, which allege that minors were trafficked and prostituted at the Neshaminy Inn.[1]

---

[1] The Related Action sought a declaration that Nautilus has no duty to defend or indemnify the Motel Management Defendants in connection with an underlying civil action styled *E.B. v. Motel 6 Operating L.P., et al.*, Philadelphia Court of Common Pleas, No. 170500487 (the "Underlying E.B. Action"); the instant lawsuit seeks a declaration that Nautilus has no duty to defend or indemnify the Motel Management Defendants in connection with two underlying civil actions styled *G.D. v. Knights Inn of Trevose, et al.*, Court of Common Pleas, Philadelphia County, Pennsylvania, No. 191202631, and *N.Z. v. v. Knights Inn of Trevose, et al.*, Court of Common Pleas, Philadelphia County, Pennsylvania, No. 191202642 (the "Underlying Actions"). Although the Underlying Plaintiffs in the Underlying E.B.

In its Order and Memorandum, the District Court in the Related Action concluded that "insurance coverage for the [Underlying E.B. Action] continues to be precluded by the previous ruling of Judge Savage."[2] In a footnote, the District Court explained that – even if res judicata did not apply – the terms of the "all assault or battery" exclusion would nevertheless still preclude coverage as to the Amended Underlying E.B. Complaint, which is based upon claims of human trafficking and sexual servitude. (Ex. A at n. 4).

The District Court further found that "the finding of no coverage due to Pennsylvania public policy also continues to apply," as the provision of insurance for "damages assessed as a result of evil or illegal conduct" is "against the public policy of [Pennsylvania]." (internal citations omitted). *Id.* According to the Court, because the Amended Underlying E.B. Complaint "still seeks damages against the [Motel Management] Defendants for their facilitation of illegal conduct," the public policy reasoning "continues to apply." *Id.*

Both the Related Action and this lawsuit are venued in the Eastern District of Pennsylvania. Each arises out of nearly identical allegations, requires interpretation of identical policy provisions, and involves the application of identical controlling Pennsylvania authority. Nautilus accordingly requests that the Court consider this supplemental authority in determining whether to grant Nautilus' pending Motion for Judgment on the Pleadings.

---

Action and the Underlying Actions are different, the three actions set forth virtually identical allegations against the Motel Management Defendants.

[2] In *Nautilus Insurance Company v. Motel Management Services, Inc.*, et al., C.A. No. 2:17-CV-04491TJS (*aff'd*, 781 F. App'x 57 (3d Cir. 2019), Judge Savage ruled that Nautilus was not obligated to defend the Motel Management Defendants where: (1) the Policy's "All Assault and Battery Exclusion" precluded coverage for Plaintiff's claims, and; (2) Pennsylvania public policy disfavors providing coverage for claims arising out of illegal conduct. E.B. amended her complaint after Judge Savage's decision, and both parties filed cross-motions for judgment on the pleadings.

-3-

                                          **WHITE AND WILLIAMS LLP**

Dated: July 30, 2021                BY:      */s/ Anthony L. Miscioscia*
                                                Anthony L. Miscioscia (PA ID # 69215)
                                                Justin Fortescue (PA ID # 203999)
                                                1650 Market Street, Suite 1800
                                                Philadelphia, PA 19103-7395
                                                (215) 864 6356/6823
                                                *Attorneys for Plaintiff,*
                                                *Nautilus Insurance Company*