# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY, | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 20-289 |
| | : | |
| MOTEL MANAGEMENT SERVICES, | : | |
| INC. d/b/a NESHAMINY INN, et al., | : | |
| | : | |
| **Defendants.** | | |

## MEMORANDUM

**TUCKER, J.**                                                                                                                        July 27, 2021

Before the Court are dueling Motions for Judgment on the Pleadings from Plaintiff Nautilus Insurance Company (ECF 27), and the Insured Defendants (ECF 28), as well as responses in opposition by both sets of parties (ECFs 31 and 32). Because the doctrine of *res judicata* ("claim preclusion") applies to the claims made by Motel Management Services, Inc. ("Neshaminy Inn"), The Mary Etzrodt Real Estate Trust, and NI45, LLC (collectively, the "Insured Defendants"), Nautilus Insurance is entitled to a declaratory judgment that it does not need to provide coverage in the underlying state court action.

**I.     FACTUAL AND PROCEDURAL BACKGROUND[1]**

This is a suit over disputed insurance coverage of claims from an underlying lawsuit alleging that Defendant Neshaminy Inn facilitated the sexual trafficking of a minor, E.B. While the complaint in this specific action was filed in January 2020, the overarching dispute dates back to 2014. That is the year E.B. filed her underlying suit against the Neshaminy Inn and the

---

[1] This section primarily draws from the facts stated in Plaintiff's Motion for Judgment on the Pleadings (ECF 27). Where there are disputed facts, the Insured Defendants' Motion for Judgment on the Pleadings (ECF 28-1) will be cited.

1

Motel 6 Philadelphia Airport,[2] accusing the hotels of violating the Pennsylvania Human Trafficking Law, 18 Pa. Stat. Ann. § 3051, by renting rooms to the people who trafficked E.B., and failing to provide adequate security to prevent the criminal acts she suffered onsite.

The previous attempt by Nautilus to avoid providing the Insured Defendants coverage for the underlying action was in a complaint for declaratory judgment filed in October 2017 under *Nautilus Insurance Company v. Motel Management Services, Inc., et al.*, C.A. No. 2:17-CV-04491TJS (the "previous action").[3] In that matter, Judge Savage ruled that Nautilus was not obligated to defend the Insured Defendants, due to (1) an "all assault or battery" exclusion in the hotel's policy, and (2) because Pennsylvania law as a matter of public policy disfavored coverage of claims stemming from illegal conduct. *See Nautilus Ins. Co. v. Motel Mgmt. Servs., Inc.*, 320 F. Supp. 3d 636 (E.D. Pa. 2018). The Insured Defendants appealed this judgment to the Third Circuit, which affirmed the earlier decision in this Court. *Nautilus Ins. Co. v. Motel Mgmt. Servs., Inc.*, 781 F. App'x 57 (3d Cir. 2019)

Meanwhile in the underlying action, E.B. renovated her complaint after Judge Savage's decision for reasons that are disputed between the parties. E.B. contends that the changes were based on deposition testimony and records produced during discovery, which required the removal of factual statements that E.B. was required to verify. Defs.' Mem. J. Pleadings 4 (ECF 28-1). Nautilus counters that the changes to the complaint were designed to get around the denial of coverage, by scrubbing out allegations that had been pointed to by Judge Savage in his decision denying insurance coverage.

---

[2] The Motel 6 Philadelphia Airport is not a defendant in either the previous declaratory judgment action or this one. This suit is only about insurance coverage under the insurance policy for the Neshaminy Inn Motel, for conduct alleged to have happened at that location.

[3] The underlying suit is captioned *E.B. v. Motel 6 Operating L.P., et al.*, Civil Action No. 170500487 in the Philadelphia Court of Common Pleas.

Nautilus and the Insured Defendants, led by the Neshaminy Inn, filed their dueling motions for judgment on the pleadings on June 5, 2020.

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed, as long as the party does so early enough not to delay trial. Fed. R. Civ. P. 12(c). Such a motion can only be granted "if, on the basis of the pleadings, the movant is entitled to judgment as a matter of law." *Fed Cetera, LLC v. Nat'l Credit Servs., Inc.*, 938 F.3d 466, 469 n.7 (3d Cir. 2019) (quoting *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262 (3d Cir. 2008))

Courts in this circuit construe motions for judgment on the pleadings under the same standard as motions to dismiss made pursuant to Rule 12(b)(6). *Katzenmoyer v. City of Reading*, 158 F. Supp. 2d 491, 496 (E.D. Pa. 2001). "The only notable difference between these two standards is that the court in a motion on the pleadings reviews not only the complaint but also the answer and written instruments attached to the pleadings." *Sprague v. Neil*, No. 1:05-CV-1605, 2007 WL 3085604, at *2 (M.D. Pa. Oct. 19, 2007) (citing 2 Moore's Fed. Practice Civil § 12.38 (2004)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).  A complaint is plausible on its face when its factual allegations allow a court to draw a reasonable inference that a defendant is liable for the harm alleged. *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010). A court must accept as true all factual allegations

contained in a complaint and interpret them in the light most favorable to the plaintiff. *Argueta v. U.S. Immigration & Customs Enf't*, 643 F.3d 60, 74 (3d Cir. 2011).

## III. ANALYSIS

### A. Claim Preclusion Applies to the Insured Defendants Due to the Similarity of the Actions

Insurance coverage for the underlying suit continues to be precluded by the previous ruling of Judge Savage. While the underlying complaint has been refashioned, the essential elements of this action are identical to the previous one.

There are three essential elements to the question of whether a claim is precluded. There must be "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (quoting *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)). In interpreting these elements, a court should be guided by the point of the doctrine of claim preclusion, which is "to require a plaintiff to present all claims arising out of the same occurrence in a single suit . . . . avoid[ing] piecemeal litigation and conserve[ing] judicial resources." *Id.* (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014)). There is no dispute that elements (1) and (2) are met; the Judge Savage ruling and subsequent affirmation by the Third Circuit represent a final judgment on the merits. The two cases share the same parties, as the Neshaminy Inn and E.B. were parties to the earlier suit. This leaves the question of whether this new lawsuit is based on the same cause of action. As the relief sought in this action is identical to that sought in the last, this Court agrees with Nautilus that the current suit is subject to claim preclusion.

4

**1. This Case has the Same Cause of Action as the First Case**

The Insured Defendants are subject to claim preclusion because this case is identical to the previous action, where insurance coverage was denied. Two suits are based on the same cause of action when there is an "essential similarity of the underlying events giving rise to the various legal claims" between the first and second lawsuits. *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999) (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984)). In determining this question, a court is to "take a broad view." *Id.*; Restatement (Second) of Judgments § 24 cmt. a ("The present trend is to see claim[s] in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff"). The "mere fact" that different relief is sought in a later action cannot save a plaintiff's suit from claim preclusion. *Hukman v. Am. Airlines, Inc.*, No. CV 19-5810, 2020 WL 618597, at *2 (E.D. Pa. Feb. 10, 2020). Instead, a court evaluating whether there's an "essential similarity" between two actions must consider (1) if the acts complained of and the demand for relief are the same, (2) whether the theory of recovery is the same, (3) whether the witnesses and documents needed for trial are the same, and (4) whether the material facts alleged are the same. *Athlone*, 746 F.2d at 984. Because each of these elements are the same, the actions share an "essential similarity".

This suit presents an identical demand for relief as in the previous action. In that case, Nautilus Insurance sued for a declaratory judgment that it did not need to defend or indemnify Motel Management Services in the underlying state court action alleging violations of the Pennsylvania Human Trafficking Law, 18 Pa. Stat. Ann. § 3001 *et seq*. In this lawsuit, Nautilus sued for a declaratory judgment that it did not need to defend or indemnify Motel Management

5

Services in the underlying state court action alleging violations of the Pennsylvania Human Trafficking Law. The same insurance policy is at issue in both suits, in relation to the same parties. Therefore, there is an "essential similarity" between the actions.

Looking to the other *Athlone* factors leads to the same conclusion. In evaluating these factors, the claim preclusion argument itself is omitted. The theory of recovery presented by Nautilus in this complaint is the same as in the last. Nautilus contends that insurance coverage is precluded because of (1) the "all assault or battery" policy exclusion and (2) Pennsylvania public policy as to insurance damages resulting from "evil or illegal conduct". *See infra* note 4. This is the same theory of recovery the insurer presented in the previous action before Judge Savage. The documents that would be relied upon as evidence are also similar in this action and the previous one; the insurance policy and the underlying amended complaint. While E.B.'s revamped pleading differs from the initial complaint, those changes would not meaningfully differentiate the evidence. *See infra* section III.A.2. Finally, the material alleged facts are the same. Identical insurance provisions are pointed to in this action as reasons for a declaration of no coverage, and the underlying conduct of the hotels alleged by E.B has not changed.

The Insured Defendants contend that claim preclusion does not apply to this action because of the amendments made by E.B. to the complaint in the underlying action against the hotels. But, the issues driving this action have not changed simply because there is an amended complaint in the underlying suit. The duty to defend in the action has been resolved by the Judge Savage opinion, and the essential relief sought by E.B. in the underlying suit remains the same—compensation for the hotel's alleged complicity in the sexual exploitation of a minor. The changes to the underlying complaint include the removal of an accusation that the traffickers held her at gunpoint. Pl.'s Mot. J. Pleadings (ECF 27 at 25). As Nautilus points out, while the

6

stated rationale for the removal of that accusation from the amendment was to conform to deposition testimony, other allegations of coercion on the part of E.B.'s handler that *were* mentioned in depositions were not placed in the amendment. *See Id.* at 25-26 (describing the allegations of violence in deposition testimony that were *not* placed in the amended complaint). Even if the rationale for the complaint's amendment is completely unrelated to the Judge Savage opinion on the availability of insurance coverage, those changes do not save this action from claim preclusion.

### 2. The "Four Corners of the Complaint" Rule Does Not Prevent Claim Preclusion

The key argument the Insured Defendants make is that the Pennsylvania approach of looking at the "four corners of the complaint" in relation to the "four corners" of the insurance contract means that the amendment of the underlying lawsuit's complaint prevents claim preclusion. *See e.g., Lupu v. Loan City, LLP*, 903 F.3d 382, 385, 392 (3d Cir. 2018). However, E.B. in the amended complaint makes multiple claims that she was subject to battery, under the plain meaning of the term. A "battery" under Pennsylvania law is "an intentional harmful or offensive contact with the person of another." *Kobrick v. Stevens*, No. 3:13-CV-2865, 2017 WL 3839945, at *9 (M.D. Pa. Sept. 1, 2017) (internal quotes omitted). Such a battery occurs when a person is subject to "an unconsented-to touching". *Conway v. A.I. Dupont Hosp. for Child.*, No. CIV.A. 04-4862, 2009 WL 57016, at *12 n.19 (E.D. Pa. Jan. 6, 2009).

E.B. in her amended complaint alleges that she was the subject of numerous batteries, through her allegation that she was "sexually exploited and trafficked at the Neshaminy Inn Motel", and that she "Suffer[ed] serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Neshaminy Inn Motel." E.B. Am. Compl., ¶¶ 84-85, Pl.'s Mot. J. Pleadings, Ex. D (ECF 27-1). These commercial sex acts at the

7

hands of the alleged traffickers and/or their customers would constitute physical contact that E.B. was unable to consent to, per 18 Pa. Stat. Ann. §3051(j)(8) (stating that a sex trade victim's purported consent to the acts is not a defense to a civil claim relating to that victimization). This interpretation of the Pennsylvania Human Trafficking Law was also acknowledged by E.B. in her answer to the complaint in this action. E.B.'s Answer ¶ 17 (ECF 20) ("It is admitted only that a minor cannot consent to sex trafficking or commercial sex.").

This debate over definitions is important because the basis for Judge Savage's decision denying coverage is the "all assault or battery" exclusion in the Nautilus policy, which is reproduced below:

> **EXCLUSION - ALL ASSAULT OR BATTERY**
> This endorsement modifies insurance provided under the following:
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> A. The following exclusion is added to 2. Exclusions of Section 1 -
> **Coverage A** - Bodily Injury And Property Damage Liability,
> **Coverage B** - Personal And Advertising Injury Liability, and
> **Coverage C** - Medical Payments:
>
> **Regardless of culpability or intent of any person, this insurance does not apply to "bodily injury"**, "property damage", "personal and advertising injury" or medical payments **arising out of any**:
> 1. **Actual or alleged assault or battery**;
> 2. Physical altercation; or
> 3. **Any act or omission in connection with the prevention or suppression of such acts, including the alleged failure to provide adequate security.**
>
> This exclusion applies regardless of whether such actual or alleged damages are caused by any:
> 1. Insured;
> 2. "Employee";
> 3. Patron; or
> 4. Any other person; and
>
> whether or not such damages occurred at any premises owned or occupied by any insured.
> **This exclusion applies to:**
> 1. All causes of action arising out of any assault or battery, or out of a physical altercation including, but not limited to, **allegations of**

8

> > > negligent hiring, placement, training, or supervision, or to any
> > > act, error, or omission relating to such an assault or battery, or
> > > physical altercation.
> > 2. Any claims or "suits" brought by any other person, firm or
> >    organization asserting rights derived from, contingent upon, or
> >    arising out of an assault or battery, or a physical altercation; and
> >    specifically excludes from coverage claims or "suits" for:
> >    a. **Emotional distress** for loss of society, services,
> >       consortium or income; or
> >    b. Reimbursement for expenses including, but not limited to,
> >       medical expenses, hospital expenses, or wages, paid or
> >       incurred, by such other person, firm or organization; or
> > 3. Any obligation to share damages with or repay someone who must
> >    pay damages because of the injury.
> 
> B. We will have no duty to defend or indemnify any insured in any action
>    or proceeding alleging damages arising out of any assault or battery, or
>    physical altercation.

Nautilus Compl. 11-12 (ECF 1) (Emphasis added).

Because the "all assault or battery" exclusion applies to the amended complaint, which alleges acts of battery against E.B., the "four corners of the complaint" rule does not save the Insured Defendants from claim preclusion.[4]

---

[4] Even if *res judicata* did not apply to the Insured Defendants, as they strenuously protest, the terms of the "all assault or battery" exclusion would continue to deny coverage as to the amended complaint in the underlying action. The amended complaint by E.B. continues to be based on claims of human trafficking and sexual servitude. The suit continues to allege violations of the Pennsylvania Human Trafficking Law, on the grounds that the hotel financially benefited when the traffickers bought rooms at the Neshaminy Inn. E.B. Am. Compl., ¶¶ 30-33. As the Nautilus Motion notes, "In support of her claims that she was subjected to sexual servitude, E.B. alleges that she was sexually exploited, accompanied by older men wherever she went in the motel, and experienced and exhibited fear and anxiety." Pl.'s Mot. J. Pleadings (ECF 27 at 30) (citing E.B. Am. Compl., ¶¶ 33, 41-42, 52, 65, 84). This policy exclusion is broad, and has been applied in other cases where the insured is accused of failing to prevent an assault or battery. *See e.g.*, *Nautilus Ins. Co. v. Shawn Owens Inc.*, 316 F. Supp. 3d 873, 876 (E.D. Pa. 2018) (applying the policy exclusion against a bar sued over a stabbing, because "[t]he exclusion applies regardless of whether such damages are caused by any 'insured, employee, patron, or any other person,' and so long as the damages occurred at any 'premises owned or occupied by any insured.'") (quoting the exclusion).

The finding of no coverage due to Pennsylvania public policy also continues to apply. The provision of insurance for "damages assessed as a result of evil or illegal conduct" is "against the public policy of [Pennsylvania]". *Minnesota Fire & Cas. Co. v. Greenfield*, 579 Pa. 333, 355, 855 A.2d 854, 868 (2004) (quoting *Mutual Benefit Insurance Company v. Haver*, 555 Pa. 534, 541, 725 A.2d 743, 747 (1999)). As Judge Savage noted in his original decision, "As Nautilus points out, financially benefitting from human sex trafficking is criminalized under the Pennsylvania Human Trafficking Law, 18 Pa. Stat. Ann. § 3001, *et seq.* Thus, public policy precludes coverage." *Nautilus Ins. Co. v. Motel Mgmt. Servs., Inc.*, 320 F. Supp. 3d 636, 643 (E.D. Pa. 2018), *aff'd,* 781 F. App'x 57 (3d Cir. 2019). The amended complaint in the underlying action still seeks damages against the Insured Defendants for their facilitation of illegal conduct, even if that conduct is recharacterized as commercial sex a minor purportedly consented to. Therefore, the public policy reasoning continues to apply.

9

## IV.     CONCLUSION

For the foregoing reasons, Nautilus Insurance Company's Motion for Judgment on the Pleadings is **GRANTED**. The Insured Defendants' Motion is **DENIED**.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NAUTILUS INSURANCE COMPANY, :
:
: CIVIL ACTION
Plaintiff, :
v. : NO. 20-289
:
:
MOTEL MANAGEMENT SERVICES, :
INC. d/b/a NESHAMINY INN, et al., :
:

Defendants.

## ORDER

**AND NOW**, this __27th__ day of July 2021, upon consideration of the Motions for Judgment on the Pleadings from Plaintiff Nautilus Insurance Company (ECF 27) and the Insured Defendants (ECF 28), and the associated responses in opposition (ECFs 31 and 32), **IT IS HEREBY ORDERED AND DECREED** that Nautilus Insurance's Motion is **GRANTED** and the Insured Defendants' Motion is **DENIED**.[1]

Judgment is entered in favor of Nautilus Insurance Company, declaring that it owes no duty to defend or indemnify Motel Management Services, Inc. d/b/a Neshaminy Inn, The Mary Etzrodt Real Estate Trust and NI45, LLC in the underlying matter of *E.B. v. Motel 6 Operating L.P et al.* in the Philadelphia Court of Common Pleas, No. 1705-0487.

**BY THE COURT**:

/s/ Petrese B. Tucker
_____
**Hon. Petrese B. Tucker, U.S.D.J.**

---

[1] This Order accompanies the Court's Memorandum Opinion dated July 27, 2021.