**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MOTEL MANAGEMENT SERVICES, INC., | : | CIVIL ACTION |
| d/b/a NESHAMINY INN, et al. | : | |
| | : | NO. 20-CV-01607 |
| Defendants. | : | |

**RESPONSE OF DEFENDANTS MOTEL MANAGEMENT SERVICES, INC.,**
**D/B/A NESHAMINY INN, THE MARY ETZRODT TRUST AND NI45, LLC**
**(THE "DEFENDANT INSUREDS") TO PLAINTIFF'S NOTICE OF**
**SUPPLEMENTAL AUTHORITY FILED JULY 30, 2021**

Defendant insureds acknowledge the issuance of the supplemental authority submitted by plaintiff insurer of a recent decision of Judge Tucker ("Memorandum Opinion") in the related lawsuit involving the same insurer and insured parties, as here, but involving different alleged sexual trafficking victims, in the related action, E.B., and in this action, G.D. and N.Z.

As, however, among other reasons, the underlying averments of G.D. and N.Z. involved in this case differ materially from those involved in the earlier declaratory judgment action involving E.B. Judge Tucker found binding on grounds of *res judicata*, defendant insureds disagree with the applicability and alleged relevance of Judge Tucker's recent decision.

More specifically, in the initial declaratory judgment action decision involving E.B. found binding by Judge Tucker, Judge Savage found that the involved Nautilus "assault and battery" exclusion applicable based on the specific contention of E.B. of being "assaulted" when "she was forcibly compelled to engage in sexual acts against her will" by being "held at gunpoint and threatened to engage in sexual acts with multiple traffickers."  Nautilus Ins. Co. v. Motel Mgmt. Services, Inc., 320 F.Supp. 3d 636, 642 (E.D. Pa. 2018).

5591498v2

No such averments within the "plain and ordinary"[1] meaning of the term "assault" is set forth in either of the underlying G.D. or N.Z. complaints.

Judge Tucker further found the E.B. averments in an amended complaint not before Judge Savage, subject to the Nautilus' "assault and battery" exclusion, not as an "assault," but on the basis of E.B.'s averments as "acts of battery."  Memorandum Opinion at 9.  Judge Tucker did so on the basis that the "commercial sex acts at the hands of the alleged traffickers and/or their customers would constitute physical contact that E.B. was unable to consent to, per 18 Pa. Stat. Ann. §3051(j)(8) [the sex trafficking statute]."  Memorandum Opinion at 7-8.

On that "battery" basis, Judge Tucker found the "assault and battery" exclusion applicable on E.B.'s amended complaint, which, following her sworn testimony's repudiation, eliminated her initial complaint's contention that she was forced to engage in sex "at gunpoint."

The failure to find an "assault," but only a "battery," in Judge Tucker's recent decision appears compelled by the plain absence in E.B.'s amended complaint of allegations of violence or threats of violence, constituting an "assault," as that term has been defined for coverage purposes by courts including the Third Circuit.[2]

---

[1] Under Pennsylvania law an insurer, as here, seeking to avoid the duty to defend based on a policy's exclusion has a heavy burden to demonstrate the exclusion's applicability.  To meet that burden, it must show that the <u>only</u> reasonable interpretation of the language of the exclusion, consistent with the "plain and ordinary" meaning of the policy's terms, is preclusive of coverage.  <u>See</u>, <u>e.g.</u>, <u>Meyer v. CUNA Mut. Ins. Soc.</u>, 648 F.3d 154, 163-164 (3d Cir. 2011).

[2] This Court and the Third Circuit have explained the meaning of the term "assault," as used in policy exclusions, as follows:

> "in Pennsylvania, an individual is guilty of an assault 'if he/she 'attempts to cause or intentionally or recklessly causes bodily injury to another' or 'attempts by physical menace to put another in fear of imminent serious bodily injury.'" <u>Liberty Surplus Ins. Corp. v. McFaddens at Ballpark LLC</u>, 116 F.Supp.3d 447, 458 (E.D. Pa. 2015), <u>quoting</u> <u>Essex Ins. Co. v. Starlight Mgmt. Co.</u>, 198 Fed. Appx. 179, 183 (3d Cir. 2006) (<u>quoting</u> 18 Pa. C.S. §2701).

Regardless of the reason for Judge Tucker's failure to find in E.B.'s amended complaint averments constituting an "assault" pursuant to Nautilus' "assault and battery" exclusion, no such averments can be found in the underlying complaints of G.D. and N.Z. involved in this case.

As earlier explained, the actual underlying factual averments of N.Z. and G.D. describe, in a general and conclusory manner, being "treated in an aggressive manner" and being "enticed" and "recruited" by the apparent psychological exploitations of alcohol and drugs.  Defendant Insureds' Memorandum of Law in Opposition to Plaintiff's Motion for Judgment on the Pleadings (Document 34-1) at 8.

As a result, under controlling Pennsylvania case law, those underlying averments in this case are clearly <u>not</u> free of "undetermined facts that might impact on coverage"[3] as to whether either, both or neither underlying plaintiffs engaged in illegal commercial sex because they were "assaulted," within the "plain and ordinary" meaning of that term of the involved exclusion.

Judge Tucker's alternative conclusion of a "battery" because of an "unconsented touching" pursuant to the Human Trafficking Statute conflicts both with clear Pennsylvania law and the absence of any contentions in their underlying claims that G.D. or N.Z.'s acts of commercial sex occurred without "consent," in the common and ordinary meaning of that term, which is "to agree to something or give your permission for something."  Oxford Advanced

---

[3] In the recent decision in <u>Erie Ins. Exchange v. Moore</u>, 228 A.3d 258 (Pa. 2020), the Pennsylvania Supreme Court explained that coverage must be determined by comparing the language of an exclusion with the factual averments set forth in the underlying complaint, with those factual averments "liberally construed in favor of the insured," with "doubt or ambiguity" "resolved in favor of coverage", and the duty to defend continuing to the extent that there are "undetermined facts that might impact on coverage" and "until the claim is narrowed to one patently outside the policy coverage." <u>Moore</u>, <u>supra</u>, at 265.

American Dictionary.  No averments of G.D. or N.Z. indicate that in any instance their acceptance of money for sex with customers had not been so agreed upon by them.

Judge Tucker's reliance on the statutory absence of consent, as previously explained, construes the terms of the exclusion not based on their above "plain and ordinary" meaning, as Pennsylvania law requires, but by an incorporation of statutory law as to consent under the Human Trafficking Statute.  Judge Tucker did so notwithstanding the absence in the policy of any reference to that statute, or any reference in the policy to the issue of consent, and notwithstanding that courts nationwide have uniformly refused to so incorporate statutory provisions into policy language under such circumstances.  Reply Brief of Defendant Insureds to Plaintiff's Response to Defendant Insureds' Motion for Judgment on the Pleadings (Document 35) at 7-8.

Further, Judge Tucker's conclusion that coverage is barred by public policy because E.B. sought liability for damages assessed as a result of "evil or illegal" conduct cannot, regardless of its correctness or lack thereof on the E.B. averments, be applied in this case consistent with Pennsylvania law.

As previously explained, both G.D. and N.Z. assert claims pursuant to which the liability of defendant insureds cannot be foreclosed at this juncture on bases that are in no sense "evil or illegal."

More specifically, both underlying plaintiffs include in their complaints common law negligence claims based not on knowing participation in illegal conduct, but based on "lack of awareness," of the sort that underly such claims against the hospitality industry nationwide, based on "hotel staff and guests" not realizing "the trafficking is happening, or how to recognize

-4-

the signs.  See Brief in Support of Motion for Judgment on the Pleadings of Defendant Insureds (Document 32-1) at 2, 11.

As underlying plaintiffs and co-defendants themselves correctly explained in their Answer in this action, their underlying complaints against defendants include "claims under Pennsylvania common law for negligence, negligent infliction of emotional distress and negligent hiring, training and/or supervision" based on merely alleged "constructive" knowledge. Answer and Affirmative Defenses of Defendants G.D. and N.Z. to Plaintiff's First Amended Complaint for Declaratory Judgment (Document 25) at second affirmative defense.  See also paragraphs 3, 110, 120-125 of said Answer.

Under such circumstances, under clear Pennsylvania law, "until the claim is narrowed to one patently outside the policy coverage" the insurer's duty to defend continues.  Moore, supra, at 265.

Lastly, as previously explained, not only does Pennsylvania have no public policy against furnishing of a defense where, as here, the potential liability of an insured cannot be foreclosed based on such negligence and lack of awareness of third party criminality (see discussion of Board of Public Educ.of School Dist. of Pittsburgh v. National Union Fire Ins. Co. of Pittsburgh, PA, 709 A.2d 910 (Pa. Super. 1998) at p. 11 of Defendant Insureds' Brief (Document 32-1) and pp. 8-9 of Reply Brief of Defendant Insureds (Document 35)), but, to the contrary, Pennsylvania also has an important public interest, recently reiterated by its Supreme Court, against the depriving insureds of reasonably expected coverage that would "unnecessarily withhold compensation to tort victims."  Moore, supra, at 267.

5591498v2

Respectfully submitted,

Date:  August 5, 2021

*/s/ Jeffrey R. Lerman*

Jeffrey R. Lerman, Esquire
Glenn F. Rosenblum, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
1735 Market Street, 19th Floor
Philadelphia, PA  19103
(215) 772-1500 (telephone)
(215) 772-7620 (facsimile)

*Attorneys for Defendants*
*Motel Management Services, Inc. d/b/a Neshaminy Inn,*
*The Mary Etzrodt Trust and NI45, LLC*

-6-

5591498v2