IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY<br>**Plaintiff,**<br><br>v.<br><br>MOTEL MANAGEMENT SERVICES, INC., d/b/a NESHAMINY INN, *et al.*,<br>**Defendants.** | CIVIL ACTION NO. 20-1607 |

### MEMORANDUM OPINION

Rufe, J.                                                                                                       September 9, 2021

Plaintiff Nautilus Insurance Company has brought this action seeking a declaratory judgment that it has no duty to defend or indemnify Defendants Motel Management Services Inc. d/b/a Neshaminy Inn, Mary Etzrodt Trust, and NI45 LLC (collectively, "Neshaminy Inn")[1] in connection with a two pending state court actions seeking damages for Neshaminy Inn's alleged role in human sex trafficking.[2] Nautilus Insurance and Neshaminy Inn have filed cross-motions seeking a judgment on the pleadings under Federal Rule of Civil Procedure 12(c). For the reasons stated below, judgment will be granted in favor of Plaintiff.

### I. BACKGROUND

Nautilus Insurance provides coverage to Neshaminy Inn under a commercial general liability insurance policy. Under the policy, Plaintiff has a duty to defend and indemnify the

---

[1] G.D. and N.Z., the plaintiffs in the underlying action, are also named Defendants in this action. They filed an Answer, *see* Doc. No. 25, but did not respond to Nautilus's motion for a judgment on the pleadings.

[2] The Court has jurisdiction under 28 U.S.C. § 1332(a) because Nautilus is an Arizona corporation with its principal place of business in Arizona, Defendants are citizens of Pennsylvania, and the amount in controversy exceeds $75,000. The Court also has jurisdiction of this matter under 28 U.S.C. § 2201(a), because this matter presents a case of actual controversy and seeks an order declaring the rights and other legal relations of the parties to this action. *See* Doc. No. 1 ¶¶ 23–33.

...

insured against any suit seeking damages for bodily injury. Neshaminy Inn has requested defense and indemnification is connection with two state court civil actions pending in Pennsylvania, *G.D. v. Knights Inn of Trevose*[3] and *N.Z. v. Knights Inn of Trevose*.[4]

Filing nearly identical complaints, G.D. and N.Z. allege that they were victims of human sex trafficking which occurred at and was facilitated by Neshaminy Inn. The underlying plaintiffs bring four counts: 1) violations of Pennsylvania's Human Trafficking statute,[5] which creates civil liability for people or entities who knowingly market or provide their goods and services to sex traffickers; 2) negligence in failing to identify and report or otherwise intervene in the sex trafficking occurring in their hotel rooms; 3) negligent infliction of emotional distress; and 4) negligent hiring, training, and/or supervision. [6]

Nautilus Insurance filed this action under the Declaratory Judgment Act.[7] Nautilus argues that coverage is barred under the policy's "all assault or battery" exclusion and as against public policy in Pennsylvania. The parties have filed cross-motions for judgment on the pleadings.

II.  **LEGAL STANDARD**

A court may only grant a motion for judgment on the pleadings under Rule 12(c) "if, on the basis of the pleadings, the movant is entitled to judgment as a matter of law."[8] The movant

---

[3] *G.D. v. Knights Inn of Trevose,* No. 191202631, Court of Common Pleas, Philadelphia County, Pennsylvania.
[4] *N.Z. v. Knights Inn of Trevose,* No. 191202642, Court of Common Pleas, Philadelphia County, Pennsylvania.
[5] 18 Pa. Cons. Stat. § 3001 (2014).
[6] *See* Doc. No. 24-1 ¶¶ 122–203.
[7] 28 U.S.C. § 2201.
[8] *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262 (3d Cir. 2008).

must clearly establish that "no material issue of fact remains to be resolved."[9] A genuine dispute of material facts exists when there is sufficient evidence for a reasonable factfinder to rule for the nonmoving party.[10]

In deciding a motion for judgment on the pleadings, a court may consider "the pleadings and attached exhibits, undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents and matters of public record."[11]

### III.  DISCUSSION

To determine whether an insurance company has a duty to defend, Pennsylvania courts apply the "four corners" rule, where a court compares "the four corners of the insurance contract to the four corners of the [underlying] complaint."[12] An insurer must defend its insured unless, after liberally construing the allegations in favor of the insured,[13] there is no possibility that the insurer owes the insured a defense.[14] An insurer's duty to defend is broader than its duty to indemnify, so "if a court determines that the former does not exist, neither does the latter."[15]

---

[9] *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988)).

[10] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[11] *Atiyeh v. Nat'l Fire Ins. Co. of Hartford,* 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010).

[12] *Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 2 A.3d 526, 541 (Pa. 2010); *see also Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 896 (Pa. 2006) ("[A]n insurer's duty to defend is triggered, if at all, by the factual averments contained in [the underlying] complaint.").

[13] *Frog, Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 746 (3d Cir. 1999).

[14] *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 673–74 (3d Cir. 2016); *see also Jerry's Sport Ctr.*, 2 A.3d at 541 ("[I]t is the potential, rather than the certainty, of a claim falling within the insurance policy that triggers the insurer's duty to defend.").

[15] *Sapa Extrusions, Inc. v. Liberty Mut. Ins. Co.*, 939 F.3d 243, 250 (3d Cir. 2019).

At issue here is whether coverage is barred under the policy's "all assault or battery" exclusion. Exclusions are strictly construed against the insurer,[16] but "[e]xclusions from coverage contained in an insurance policy will be effective against an insured if they are clearly worded and conspicuously displayed, irrespective of whether the insured read the limitations or understood their import."[17] The insurer bears the burden to show an exclusion applies.[18]

The "all assault or battery" exclusion applies to "[a]ll causes of action arising out of any assault or battery," including claims for negligent hiring and supervision and claims seeking damages for emotional distress.[19] Under the exclusion, Nautilus has "no duty to defend or indemnify any insured in any action or proceeding alleging damages arising out of any assault or battery," regardless of the culpability, intent, or identity of the perpetrator and regardless of whether the damages occurred on the insured's premises.[20]

In analyzing this exclusion, "[t]he term 'arising out of' is interpreted in terms of 'but for' causation. Therefore, if an assault or battery was a 'but for' cause of the plaintiff's injuries, the assault and battery exclusion will apply to allegations that the insured's negligence contributed to the injuries."[21]

The Third Circuit's non-precedential opinion in *Nautilus Insurance Co. v. Motel Management Services, Inc.* ("*Nautilus II*") involved the same hotel operator, insurance company

---

[16] *Selko v. Home Ins. Co.*, 139 F.3d 146, 152 n.3 (3d Cir. 1998).

[17] *Pac. Indem. Co. v. Linn*, 766 F.2d 754, 761 (3d Cir. 1985).

[18] *Id.*; *see also Wolfe v. Ross*, 115 A.3d 880, 884 (Pa. Super. Ct. 2015).

[19] Doc. No. 24-3 at 36.

[20] *Id.*

[21] *Nautilus Ins. Co. v. Motel Mgmt. Servs., Inc. (Nautilus II)*, 781 F. App'x 57, 60 (3d Cir. 2019).

and policy with similar underlying allegations of trafficking. The Third Circuit held "[a]ll alleged injuries in this complaint are the result of exploitation and assault by traffickers and customers with whom [underlying plaintiff] engaged in commercial sex acts. Accordingly, the assault and battery were the 'but for' causes of the injuries [underlying plaintiff] claims."[22] The Third Circuit noted that the underlying plaintiff alleged "that she suffered injury including physical harm and mental anguish as a victim of human trafficking, including by being 'visibly treated in an aggressive manner' and 'held at gun point' and forced to engage in commercial sex acts."[23]

The Court is further guided by the Honorable Petrese B. Tucker's recent opinion in *Nautilus Insurance Co. v. Motel Management Services, Inc.* ("*Nautilus III*").[24] After the Third Circuit affirmed the district court in *Nautilus II*, the underlying plaintiff amended her complaint to remove the allegations of being held at gunpoint, and Nautilus Insurance filed a new action seeking a declaratory judgment that it still had no duty to defend or indemnify. Judge Tucker found that claim preclusion applied, but also determined that the "all assault or battery" exclusion applied to the amended underlying complaint. Judge Tucker reasoned that a trafficking victim cannot consent to "commercial sex acts at the hands of the alleged traffickers and/or their customers," and that such acts constitute a battery.[25]

---

[22] *Id.* at 60.

[23] *Id.* at 60 n.4.

[24] *Nautilus Ins. Co. v. Motel Mgmt. Servs., Inc. (Nautilus III)*, No. 20-289, 2021 WL 3164292, at *1 (E.D. Pa. July 27, 2021).

[25] *Id.* at *4 (citing 18 Pa. Cons. Stat. § 3051(j)(8) (2014); *Conway v. A.I. DuPont Hosp. for Children*, No. 04-4862, 2009 WL 57016, at *12 n.19 (E.D. Pa. Jan. 6, 2009)).

Neshaminy Inn argues that *Nautilus II* is distinguishable because the underlying plaintiff there alleged that she was "forced to engage in prostitution 'at gunpoint.'"[26] Neshaminy Inn also argues that *Nautilus III* should not be followed because Judge Tucker improperly read statutory definitions related to consent into the insurance policy.[27] Neshaminy Inn further contends that "'not all' sexual trafficking victimization is based on violence or threats of violence within the 'plain and ordinary' meaning of the term 'assault,' used in the exclusion," and all that is required is "a 'possibility' of liability on covered grounds."[28]

Like *Nautilus II*, G.D. and N.Z. allege they were "visibly treated in an aggressive manner," and they allege that they were "forced to take crack cocaine between dates and [were] 'shot up' with heroin."[29] Furthermore, G.D. and N.Z. allege sexual assault in that they assert that they were "sexually exploited and victimized repeatedly."[30] These allegations are clearly assaults and/or batteries and are the "but for" cause of the underlying plaintiffs' alleged injuries. The "all assault or battery" exclusion applies and coverage for Neshaminy Inn is barred. Plaintiff has no duty to defend or indemnify Neshaminy Inn in the underlying action.[31]

---

[26] *See* Doc. No. 34-1 at 12 n.6; *see also* Doc. No. 35 at 8–9 n.3.

[27] *See* Doc. No. 38 at 5; *see also* Doc. No. 35 at 7–8.

[28] Doc. No. 32 ¶¶ 20, 22. (quoting *Erie Ins. Exch. v. Moore*, 228 A.3d 258, 267 (Pa. 2020).

[29] *See* Doc. No. 24-1 and 24-2 ¶¶ 77, 78.

[30] *Id.* ¶ 36.

[31] The Court also agrees with the reasoning of Judge Savage in *Nautilus I* that insurance coverage would be against public policy. *See Nautilus Ins. Co. v. Motel Mgmt. Servs., Inc. (Nautilus I)*, 320 F. Supp. 3d 636, 643 (E.D. Pa. 2018) (reasoning that "financially benefitting from human sex trafficking is criminalized under the Pennsylvania Human Trafficking Law" and that "[u]nder Pennsylvania law, it is against public policy to insure against claims for intentional torts or criminal acts."); *see also Travelers Prop. Cas. Co. of Am. v. Mericle*, 486 F. App'x 233, 238 (3d Cir. 2012) ("For reasons of public policy, we predict that the Pennsylvania Supreme Court would not distinguish between civil and criminal penalties in the application of the criminal statute exclusion as the court has not permitted a person to insure against intentional acts.").

## IV. CONCLUSION

For the reasons stated above, judgment on the pleadings will be granted in favor of Plaintiff. An order will be entered.